**GOODYEAR TIRE & RUBBER CO., Inc., v. JAMAICA TRUCK TIRE SERVICE CO., Inc., et al.**

**SEARS, ROEBUCK & CO. v. JAMAICA TRUCK TIRE SERVICE, Inc., et al.**

Nos. 4937, 4938.

Circuit Court of Appeals, Seventh Circuit.

July 6, 1933.

Rehearing Denied Aug. 7, 1933.

No. 4937:

John D. Black, of Chicago, Ill., for appellant.

No. 4938:

Charles Lederer and Sigmund Livingston, both of Chicago, Ill., for appellant.

Isidor Unger, of New York City, and Charles Leviton and Joseph G. Slottow, both of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

EVANS, Circuit Judge.

The two above entitled appeals are from an order of the District Court directing its clerk to issue subpœnas to compel the attendance of three officers of Sears, Roebuck and Company before a notary public in Chicago and directing said clerk to issue subpœnas duces tecum directed to said company for the production of books, records, and documents enumerated.

In the United States District Court for the Eastern District of New York, the Goodyear Tire & Rubber Company brought an action at law against the appellees to recover a money judgment. Appellees filed an answer in that action and also a counterclaim wherein they sought a large money judgment. In this counterclaim defendants, among other things, alleged the making and the falsity of certain representations of Goodyear Tire & Rubber Company to induce defendants to enter into a contract with it for the purchase of tires. Such representations were that Goodyear Tire & Rubber Company sold only seconds or inferior tires to Sears, Roebuck and Company, whereas in fact it sold tires of grade and cost similar to those sold to defendants and that Sears, Roebuck and Company had numerous stores in the territory wherein defendants sold their tires, and were, therefore, able to and did undersell defendants to their great damage, etc.

While that action was pending in New York, the defendants to that suit (appellees here) petitioned the court below for a subpœna directed to three officers of said Sears, Roebuck and Company and for a subpœna duces tecum for the production of documents in the possession of said Sears, Roebuck and Company. The order directing the issuance of the subpœnas was entered. Goodyear Tire & Rubber Company and Sears, Roebuck and Company each appealed from such order. Their separate appeals were consolidated in this court and were heard together.

Two questions are presented: (a) The appealability of the order directing the issuance of the subpœnas, and (b) the right of appellees, upon the showing made, to secure the issuance of the subpœnas directed to Sears, Roebuck and Company and to its officers and agents. An answer to the first question, unfavorable to appellants, makes it impossible for us to consider the closer and more interesting question involving appellants' right to examine its competitor who is not a party to the pending action and in no way connected with it, as well as the extent of such right and also the scope of such examination, if any be allowed.

It is well settled that an order directing the issuance of a subpœna to a party to the suit or directing the issuance of a subpœna duces tecum for books and writings of a party bearing upon the issues tendered by the pleadings in a pending action is not appealable. Alexander v. U. S., 201 U. S. 117, 26 S. Ct. 356, 358, 50 L. Ed. 686; Pennsylvania R. Co. v. International Coal Mining Co. (C. C. A.) 156 F. 765; Hultberg v. Anderson (C. C. A.) 214 F. 349.

The order here involved, however, may be said to differ somewhat from the orders in the above cited cases in that it directs the clerk to issue the subpœna to one not a party to the action and not remotely connected with the litigation, but who is a competitor of the litigant who is seeking to examine the former's books. The decisions in Cogen v. U. S., 278 U. S. 221, 49 S. Ct. 118, 119, 73 L. Ed.

275, and Go-Bart Importing Co. v. U. S., 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374, may be cited as pointing out limitations on the holding in Alexander v. U. S., supra. In Cogen v. U. S., the court said:

"Where the proceeding is a plenary one, like the bill in equity in Dowling v. Collins (C. C. A.) 10 F.(2d) 62, its independent character is obvious; and the appealability of the decree therein is unaffected by the fact that the purpose of the suit is solely to influence or control the trial of a pending criminal prosecution."

■ Appealability of orders directing the issuance of subpœnas turns upon whether the summary proceedings are independent of, or merely a step in, the disposition of the pending cause. The record before us shows affirmatively and conclusively that the proceedings leading to the order for the subpœna were not of an independent character nor were they independent proceedings distinct from the main litigation, but were preliminary steps authorized by sections 639, 647, title 28, USCA in the trial of the pending action in New York. The language in Alexander v. United States, supra, is pertinent:

" * * * In a certain sense finality can be asserted of the orders under review; so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving to him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go further, and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case."

■ The only fact which distinguishes the instant case from the Alexander case is that Sears, Roebuck and Company is a stranger to the litigation in the New York courts. However, its officers and employees are amenable to subpœna, and their depositions may be taken at the instance of either litigant in the pending litigation. The proceeding in which the subpœna was issued is but a step in the trial of the principal cause, and an order issued therein is interlocutory and not appealable. The statute defines appealable orders, and the courts are bound thereby. It may seem like straining at gnats to hold that an order, compelling a competitor to produce all its books and its principal officers for oral examination, is not appealable, but that an order is appealable if said aggrieved competitor be punished for contempt for refusing to comply with the subpœna or refusing to answer questions propounded to him after appearance pursuant to the subpœna.

The reason for the distinction is to be found in the statutory definition of final and interlocutory orders and in the courts' construction of such statute.

It follows from what has been said that we are of the opinion that the order is an interlocutory one and not appealable.

The appeals are

Dismissed.