## NATIONAL NUT CO. OF CALIFORNIA v. KELLING NUT CO. et al.
### No. 8204.

Circuit Court of Appeals, Seventh Circuit.

March 20, 1943.

Rehearing Denied May 10, 1943.

Arthur D. Welton, Jr., Frank J. Foley, Guy A. Gladson, and Bryce L. Hamilton, all of Chicago, Ill., for appellants.

John J. McLaughlin, of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MIN· TON, Circuit Judges.

PER CURIAM.

In a suit pending in the District Court of the United States for the Southern District of California, Central Division, Judge O'Connor issued an order on September 17, 1942, authorizing the plaintiff to take depositions under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Sometime on or about October 9, 1942, the plaintiff filed a petition in the office of the Clerk of the District Court of the United States for the Northern District of Illinois, praying the court to authorize a subpoena duces tecum to .issue commanding Max J. Kelling, President, and Walter Halleman, Secretary of the defendant corporation, to appear and testify, and to produce and bring with them certain papers from the files of the defendant, The Kelling Nut Company, enumerating them.

From what we can learn from the short record filed in this matter, a subpoena duces tecum was issued for the witnesses above mentioned, requiring them to produce and bring with them the documents enumerated. On December 14, the District Court for the Northern District of Illinois entered an order that the defendants deliver up for inspection of the plaintiff's attorneys all documents produced in response to the subpoena duces tecum of December 11, 1942, directed to witnesses Kelling and Halleman; that the defendants produce certain

of their papers and files; and that defendants' attorneys direct witnesses to submit to oral examination with respect thereto.

Defendants moved to vacate this order and in the alternative to modify it in certain respects and to quash the subpoena in part. The court on January 5, 1943, modified the order in one respect, refused to further modify it, and overruled the motion to vacate. From the order of December 14, 1942, as modified by the order of January 5, 1943, the defendants gave notice of appeal to this Court. The defendants have filed a short record here, and now ask for an extension of time in which to file the complete record. The plaintiff has filed a motion to dismiss the appeal on the ground that the order of December 14, 1942, as modified, is not a "final decision" within the meaning of Section 128 of the Judicial Code, 28 U.S.C.A. § 225.

If the order is not a final decision, we have no jurisdiction. Hatzenbuhler v. Talbot, 7 Cir., 132 F.2d 192. As this is a jurisdictional question, it is proper to raise it at any time.

We are of the opinion that the order is not a "final decision" within the meaning of the statute. It involves only a ruling of the court in the proceedings of a trial. The proceedings in the District Court for the Northern District of Illinois were ancillary to and in aid of the main suit pending in California. The order in question was only a step in that proceeding. Nothing was decided finally that adjudicated the rights of the parties. We take it the deposition when concluded here or any part of it is subject to the action of the court in California, and if any error is committed, the defendants may yet be heard.

It is perfectly clear that a refusal to issue a subpoena duces tecum or a refusal to quash one already issued is not an appealable decision. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. Here the order in question was only in aid of the subpoena and for the purpose of making it effective. This does not divest the proceeding of its ancillary character and make it an independent proceeding. It remains as it was in the beginning, a mere step in the trial. It settled nothing except to remove the impediment to further procedure. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686; International Agricultural Corporation v. Pearce, 4 Cir., 113 F.2d 964; Goodyear Tire & Rubber Co., Inc., v. Jamaica Truck Tire Service Co., Inc., 7 Cir., 66 F.2d 91.

The motion to dismiss is sustained, and the appeal is dismissed.