THOMAS FRENCH & SONS, Limited, et al.
v. INTERNATIONAL BRAID CO.

No. 4027.

Circuit Court of Appeals, First Circuit.

Jan. 2, 1945.

Harry C. Bierman, of New York City, for appellants.

Herbert B. Barlow, of Providence, R. I., for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and SWEENEY, District Judge.

MAHONEY, Circuit Judge.

The circumstances out of which the present controversy arose are not in dispute.

The International Braid Company has instituted in the United States Patent Office a proceeding for the cancellation of a registered trade-mark owned by Thomas French & Sons, Ltd. The trade-mark in question is for ladder web for Venetian blinds and consists of a pair of blue threads in each of the successive cross straps or cross tapes of the ladder web. In connection with the taking of testimony by deposition to be used in that proceeding, International petitioned the District Court, pursuant to 35 U.S.C.A. §§ 54-56, for a subpeona duces tecum to compel the appellant, Harris, an officer of French, to testify and produce certain designated records.[1]

The petition was granted, the subpoena was issued, and Harris was properly served on March 29, 1944. He appeared before the Notary Public as directed on April 6 but refused to answer certain questions and to produce certain records. International thereupon moved to compel obedience to the subpoena duces tecum. The cause was heard on April 24, and an order was issued by the court instructing Harris to produce the records designated in the subpoena and to answer questions relating thereto. He complied to the extent of appearing on May 10 as directed and produced certain of the documents, but he refused to permit them to be placed in evidence or to allow copies to be made for the use of opposing counsel. International thereupon filed a motion to compel the production of such evidence. Counsel for Harris filed a memorandum in opposition to that motion but did not appear at the hearing although notified. He informed the deputy clerk by letter "that he could not arrange to come from New York to Boston for the hearing, 'because of the difficulty of travel and the impossibility of obtaining suitable railroad accommodations.'" From the order[2] of the District Court on May 22 instructing Harris to produce certain documents and leave them in the custody of the notary subject to inspection and copying, and to answer certain questions, French and Harris have taken this appeal.

The appellee has moved to dismiss on the ground that this court has no jurisdiction to entertain this appeal. Section 128[3]

[1] The trade-mark application is dated May 12, 1938 and states that "the trade-mark has been continuously used and applied to said goods in applicant's business since the 5th day of May, 1938."

The subpoena duces tecum in part instructed Harris to bring to the hearing:

"1. Copies of all invoices or sales records of ladder web for the year 1937.

"2. Copies of all invoices or sales records of ladder web for the year 1938.

"3. Copies of all bills received for dyeing yarn for use as an identifying stripe in ladder web during the years 1937 and 1938, also copies of any bills received for the winding of yarn to be used for this purpose.

"4. Copy of the inventory at the end of 1938 showing the amount of dyed yarn on hand for use as an identifying stripe in ladder web.

"5 Sample file of all Venetian Blind ladder web tape manufactured by Registrant, Thomas French & Sons, Ltd., from November 1, 1937 to December 31, 1939, and all records associated with each sample."

[2] Harris was ordered to produce the following documents:

"1. (a) The sales records identified in this proceeding as Exhibits 31 through 36 inclusive and 38; (b) the chain drafts and memoranda which are records concerning Exhibits 26 through 30 inclusive and 37 which were introduced in evidence in the proceeding before the said John B. Cummings on May 10, 1944; (c) the office records comprising carbon copies of the original invoices numbered 1289M, 1291M and 1772M; and (d) all bills or invoices received from Pawtucket Dyeing and Bleaching Company for work done in February 1938, for the dyeing or winding of yarn.

"2. To leave in the custody of the said notary and subject to inspection and copying by the petitioner all the documents and exhibits referred to in paragraph 1(a), (b), (c) and (d) above.

"3. To answer all questions relating to the specimen tape which the said John D. Harris refused to answer on May 10, 1944 which questions are numbered 203 to 207 inclusive, and which are set forth in the petitioner's motion to compel production of evidence submitted to this court May 19, 1944."

[3] Section 128, 28 U.S.C.A. § 225, pro-

of the Judicial Code limits our appellate jurisdiction to "final decisions"[4] with certain exceptions not here relevant. If the order in question is not final we have no jurisdiction.

The proceedings out of which the present dispute arose were instituted by the appellee to obtain testimony for use in the contested case pending in the Patent Office. They are merely a step in the disposition of that cause, and in effect the appellee is relying upon 35 U.S.C.A. §§ 54 and 56[5] to compel the production of evidence in ancillary proceedings for use in the trial of the original suit in another jurisdiction. "Neither a party nor a non-party witness will be allowed to take to the upper court a ruling where the result will be 'to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation * * *.' Mr. Chief Justice Taft in Segurola v. United States, 275 U.S. 106, 112, 48 S.Ct. 77, 79, 72 L.Ed. 186." Cobbledick v. United States, 1940, 309 U.S. 323, 326, 60 S.Ct. 540, 541, 84 L.Ed. 783. It is our opinion that the order appealed from is not a final decision within the meaning of the statute so far as the parties to the principal suit are concerned. National Nut Co. of California v. Kelling Nut Co., 7 Cir., 1943, 134 F.2d 532.

It is well settled that an order granting or denying a subpoena duces tecum for records and documents of a party bearing upon issues relevant in a pending action is not appealable. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686, approved in Cobbledick v. United States, supra; Goodyear Tire & Rubber Co., Inc. v. Jamaica Truck Tire Service Co. et al., 7 Cir., 1933, 66 F.2d 91, certiorari denied 290 U.S. 700, 54 S.Ct. 209, 78 L.Ed. 601; Tucker v. Peiler, 2 Cir., 297 F. 570. In the Alexander case the court said: "In a certain sense finality can be asserted of the orders under review; so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving to him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended that there is an appeal. Let the court go farther, and punish the witness for contempt of its order, —then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case." [201 U.S. 117, 26 S.Ct. 358.]

In the present case where the witness refuses to testify the court may "enforce obedience to the process, or punish the disobedience, as in other like cases * * *." 35 U.S.C.A. § 56. "This power to punish being exercised, the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit." Alexander v. United States, supra; National Nut Co. v. Kelling Nut Co., supra.

The order in question is directive only and not punitive. It was issued in aid of the subpoena for the purpose of making it effective. As such it is an interlocutory order in the original suit.

The motion to dismiss is sustained and the appeal is dismissed with costs to the appellee.

vides that, "The circuit courts of appeals shall have appellate jurisdiction to review by appeal final decisions * * *".

4 For a general discussion of "final judgments," see Crick, The Final Judgment as a Basis for Appeal, 41 Yale L.J. 539; United States v. 243.22 acres of land in Town of Babylon, 2 Cir., 129 F.2d 678; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783.

5 35 U.S.C.A. " § 54. Subpœnas to witnesses; subpœnas duces tecum.

"The clerk of any court of the United States, for any district or territory wherein testimony is to be taken for use in any contested case pending in the Patent Office, shall, upon the application of any party thereto, or of his agent or attorney, issue a subpœna for any witness residing or being within such district or Territory, commanding him to appear and testify before any officer in such district or territory authorized to take depositions and affidavits at any time and place in the subpœna stated. * * *"

" § 56. Failing to attend or refusing to testify

"Whenever any witness, after being duly served with such subpœna, neglects or refuses to appear, or after appearing refuses to testify, the judge of the court whose clerk issued the subpœna may, on proof of such neglect or refusal, enforce obedience to the process, or punish the disobedience, as in other like cases. * * *"