**JARECKI, Collector of Internal Revenue, v. WHETSTONE.**

**No. 10349.**

United States Court of Appeals
Seventh Circuit.

Nov. 6, 1951.

122

Irene B. Whetstone, in pro per.

Theron L. Caudle, Asst. Atty. Gen., Richard D. Harrison, Special Asst. to the Atty. Gen., Otto Kerner, Jr., U. S. Atty., Chicago, Ill., Ellis N. Slack, A. F. Prescott, Fred E. Youngman, Special Assts. to the Atty. Gen., for appellee.

Before MAJOR, Chief Judge, DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant (hereinafter called taxpayer), a resident of Chicago, appeals from an order entered by the district court on February 12, 1951, directing her, pursuant to summons [1] issued by the Collector of Inter-

---

1. Authorized under Secs. 3615, 3633 and 3711, Internal Revenue Code, 26 U.S.C. §§ 3615, 3633, 3711, reading:

"§ 3615. Summons from collector to produce books and give testimony

"(a) General authority. It shall be lawful for the collector, subject to the provisions of this section to summon any person to appear before him and produce books at a time and place named in the summons, and to give testimony or answer interrogatories, under oath, respecting any objects or income liable to tax or the returns thereof. The collector may summon any person residing or found within the State or Territory in which his district lies; * * *.

* * * * * *

"(e) Enforcement. Whenever any person summoned under this section neglects or refuses to obey such summons, or to give testimony, or to answer interrogatories as required, the collector may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

"§ 3633. Jurisdiction of district courts

"(a) To enforce summons. If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides shall have jurisdiction by appropriate process

nal Revenue for the First District of Illinois, to appear before the Collector on February 23, 1951, with all pertinent books of account and records and give testimony with respect to her income tax liability for 1944. The Collector's summons had first been issued on October 24, 1947, requiring the appearance of taxpayer before the Collector on November 17, 1947.

The Collector's petition alleged that defendant failed to appear at the time and place originally designated in the summons, and did not give any cause or reason for her failure to so appear, and prayed that a writ of attachment be issued to bring defendant before the court to show cause why she should not be adjudged in contempt. A writ of body attachment was issued on January 5, 1948, directing the United States Marshal to bring the taxpayer before the court for such action as the court, pursuant to hearing, should deem proper. The writ was executed January 6, 1948, and after a hearing the cause was continued and the defendant released on her own recognizance. On January 23, 1948, the taxpayer filed a motion to dismiss the Collector's petition.

On January 16, 1948, taxpayer filed a suit against the United States in the District Court for the Northern District of Illinois seeking a refund of income taxes alleged to have been erroneously paid for the years 1943 to 1946. On November 15, 1948, the district court dismissed her suit for refund, Whetstone v. United States, D.C., 82 F.Supp. 478, affirmed by this court without opinion on April 28, 1949, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746, rehearing denied 338 U.S. 840, 70 S.Ct. 36, 94 L.Ed. 514, and on the same date the district court denied her motion to dismiss the Collector's petition in the instant case. Jarecki v. Whetstone, D.C., 82 F.Supp. 367. Thereafter, on December 2, 1948, defendant filed an answer herein.

On May 3, 1949, the district court ordered taxpayer to appear before the Collector on May 10, 1949, with her books and records, and to give testimony with respect to her 1944 tax liability. Taxpayer immediately appealed, but the May 3 order was vacated on May 6, and the matter continued generally, upon agreement of the parties that taxpayer would withdraw her appeal and would petition for certiorari in her suit for refund. Certiorari in that case was denied on June 20, 1949, and her petition for rehearing was denied on October 10, 1949, but the Collector did not petition the district court to reinstate the May 3, 1949, order until February 9, 1951. The order of February 12, 1951, appealed from herein, reinstated the May 3, 1949, order with the date for taxpayer's appearance before the Collector set at February 23, 1951.

On February 16, 1951, taxpayer commenced another suit in the district court against Jarecki, the plaintiff herein; it is still pending. In said suit taxpayer, petitioning for the convening of a statutory three-judge court, seeks to enjoin the enforcement against her of Secs. 3615(e), 3654(a) and 3653, Internal Revenue Code, 26 U.S.C. §§ 3615(e), 3654(a), 3653, and demands a money judgment against Jarecki for $3,000.00 to reimburse her for the time and effort expended by her in defending the case at bar.

Plaintiff did not move to dismiss this appeal on the ground that the order of February 12, 1951, was not an appealable order, but did remark in a footnote on page 2 of his brief: "Since this order merely directed the defendant to appear and give testimony there may be some question as to whether it is an appealable order. (Citing)."

Title 28, U.S.C., Sec. 1291 provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of

to compel such attendance, testimony, or production of books, papers, or other data.

"§ 3711. Production of books
"All persons, and officers of companies or corporations, are required, on demand of a collector or deputy collector about to distrain or having distrained on any property, or rights of property, to exhibit all books containing evidence or statements relating to the subject of distraint, or the property or rights of property liable to distraint for the tax due."

the district courts of the United States * * *, except where a direct review may be had in the Supreme Court." As no direct review in the Supreme Court is here involved, the language of the exception is not material.

▮▮▮▮ If the order of February 12, 1951, is not a "final decision," this court does not have jurisdiction. National Nut Co. of California v. Kelling Nut Co., et al., 7 Cir., 134 F.2d 532, 533; Hatzenbuhler v. Talbot, 7 Cir., 132 F.2d 192. It is our duty to decide any question of jurisdiction whether or not the parties have raised it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135; Flegenheimer v. General Mills, Inc., 2 Cir., 191 F.2d 237, 238; National Nut Co. of California v. Kelling Nut. Co., et al., supra, 134 F.2d at p. 533. The order of February 12, 1951, appealed from merely required that the taxpayer appear before the Collector to give testimony regarding her 1944 income and to bring her records with her. It is our view that the order was not a final decision.

In Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686, a suit brought for violation of the Anti-Trust Law of July 2, 1890, 15 U.S.C.A. §§ 1–7, 15 note, a witness had refused to answer questions or produce books before an examiner, pleading the privilege of the Fifth Amendment. The trial court ordered the books to be produced and the questions answered. The Supreme Court held the order of the district court was interlocutory, and not a final decision.

In National Nut Co. of California v. Kelling Nut Co., et al., supra, the district court ordered compliance with a subpoena duces tecum issued to the officers of the defendant company to appear and testify and to produce and bring with them certain papers and files of the defendant. This court held that the order was not a final decision, but was only in aid of the subpoena and for the purpose of making it effective.

The latest decision of the Supreme Court on the general subject is Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, where it was held that an order of the district court denying a motion to quash a subpoena duces tecum requiring one to appear with papers and testify before a grand jury was not a final decision within the meaning of the statute. The court quoted from the ruling in Alexander v. United States, supra, at some length and with approval.

In O'Malley v. Chrysler Corp., 7 Cir., 160 F.2d 35, the district court entered an order requiring the defendant to compile, compute and furnish to plaintiffs certain information as to each of the plaintiffs, as employees of the defendant. Except as to making certain computations the defendant complied with all of the requirements of such order. Defendant appealed to this court from that part of the order with which it had refused to comply. We held that the order was merely interlocutory, and not final, and therefore nonappealable, adding 160 F.2d at page 36: "* * * If the defendant thought the order so grossly in violation of its fundamental rights, it could have disobeyed the order, been adjudged in contempt, and then appealed from such judgment, as was done in the recent case of Hickman v. Taylor [329 U.S. 495] 67 S.Ct. 385 [91 L.Ed. 451]."

Since the Collector first issued a summons requiring the appearance of taxpayer in November, 1947, numerous delays have ensued due in large part to the several actions commenced by taxpayer in the district court and numerous motions which she has filed. A decision on the merits would now be preferable, but we have no alternative but to dismiss this appeal, for our jurisdiction to review can only be invoked by reason of and on the basis of a final decision of the district court.

▮▮▮▮ Taxpayer has objected to the filing by plaintiff of a supplemental transcript of the record herein, containing 69 printed pages, 21 of which were used to print an affidavit of taxpayer and 13 presented facsimiles of typewritten docket entries made in the district court, all of which have little, if any, relevancy to the issue before us. Rule 13 of this court requires that a

motion raising a jurisdictional question shall be made as soon as possible, and preferably before the printing of the record on appeal. This was not done, and we therefore consider the printed supplemental transcript of the record as unnecessary printing under Rule 14(d) of this court. Costs will be assessed against defendant except for the printing of the supplemental transcript of the record.

The order heretofore entered by this court on February 22, 1951, staying the proceedings in the district court, is vacated, and the appeal herein is

Dismissed.