John M. PALMER, Plaintiff-Appellee,

v.

Alice Bradley FISHER, as Executrix of the Estate of Frederick T. Fisher, Deceased, Defendant-Appellant,

Petition of Thomas F. Pierce, Petitioner-Appellee.

No. 11481.

United States Court of Appeals
Seventh Circuit.

Dec. 9, 1955.

Rehearings Denied Jan. 13 and 26, 1956.

Thomas Hart Fisher, Norman Crawford, Chicago, Ill., for appellant.

Henry A. Preston, James E. S. Baker, Chicago, Ill., Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is taken from a single order of the United States District Court for the Northern District of Illinois, Eastern Division. That order: (1) quashed a subpoena *duces tecum*, (2) suppressed a deposition taken under the authority of said subpoena, (3) directed the appellant to deliver into court for destruction all copies of the deposition in the possession, custody or control of the appellant or her employees, agents or attorneys, and (4) denied appellant's motion to hold the appellee, Thomas F. Pierce, in contempt for failing to comply with the subpoena.

The appellant herein, Alice Bradley Fisher, is the defendant in an action in the United States District Court for the Southern District of Florida, Ocala Division, by one John M. Palmer, who has taken no part in this appeal. The Florida case involves, among other things, the business records and papers revealing financial information of a corporation entitled Black Ranches, Inc.

The appellee, Thomas F. Pierce, is a certified public accountant, who as an employee of an accounting firm had audited the books of Black Ranches, Inc., and had thereafter made a written report concerning the audit. Mrs. Fisher's attorney was anxious to secure Pierce's testimony regarding the audit and his report thereon, and to inspect the various books, papers and documents which Pierce had examined and used in making the audit—all for use in the Florida case. Since Pierce lives in Chicago, Mrs. Fisher's attorney secured a subpoena *duces tecum* from the United States District Court for the Northern District of Illinois, Eastern Division, directing Pierce to give his deposition, and to produce a long list of books, papers, documents, certificates and other papers of Black Ranches, Inc., all as described in the subpoena.

Pierce claims that on January 11, 1955, he was invited to the Chicago office of Mrs. Fisher's attorney, ostensibly to discuss the Florida case; that on his arrival at that office he was served with the subpoena and told that he would, then and there, have to testify under oath. After Pierce was sworn, the attorney began taking his deposition. At that time Pierce apparently made no definite objection to the taking of his deposition. After about two hours of interrogation Pierce had to leave and January 19, 1955, was set as the date for completing the deposition. According to the allegations of the attorney in the petition to hold Pierce in contempt, Pierce agreed on January 11 to bring with him on January 19 the various books, papers and documents concerning

Black Ranches, Inc., which were described in the subpoena *duces tecum*.

Prior to January 19, 1955, Pierce consulted his own attorneys who told him that under Illinois law he was privileged against testifying as a C. P. A. and, further, that he was not required to testify because proper notice had not been given to the opposing parties as required by Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. When Pierce returned to finish his deposition, his attorneys accompanied him and advised him not to testify concerning his client, Black Ranches, Inc., and to refuse to produce the documents requested.

Mrs. Fisher's attorney filed a motion asking that Pierce be held in contempt of court for refusing to comply with the subpoena. Mr. Pierce filed a petition asking that the subpoena be quashed, that the deposition be suppressed, and that Mrs. Fisher and her attorney be ordered to bring all their copies of the deposition into court to be destroyed. The court below denied Mrs. Fisher's motion and granted all the prayers of the witness Pierce's petition. The court's action was based on two grounds: insufficient notice of the taking of the deposition, and the privilege accorded Pierce as a C. P. A.

Mrs. Fisher appealed from the District Court's order, and Pierce moved to dismiss the appeal. This court ordered that the motion to dismiss be heard with the merits of the case and the two were taken under advisement together. We shall first consider Pierce's motion to dismiss.

In his motion and brief thereon Pierce seems to assume that his motion to quash the subpoena and the motion to suppress the deposition should be treated the same. Or he may think that the suppression and destruction of a deposition should follow as a matter of course in the same proceeding in which a subpoena is quashed. Pierce seeks to convince us that none of the District Court's order is appealable by citing cases holding that an order granting or

denying a subpoena or a motion to quash a subpoena is interlocutory and not appealable (e. g., Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; National Nut Co. of California v. Kelling Nut Co., 7 Cir., 134 F.2d 532). We recognize this well established rule concerning subpoenas, but we do not think it applicable to an order suppressing a deposition. We have found no case involving an order of a trial court for the *destruction* of a deposition.

The best discussion we have found on the appealability of a summary proceeding on a motion to suppress a deposition is by Mr. Justice Brandeis in Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. It is a criminal case, but it is a clearly reasoned opinion touching this area.

Cogen had been indicted for violating the National Prohibition Act, 41 Stat. 305. He applied to the court in which he had been indicted for the return of certain papers which had been taken from him without a warrant, and to suppress the evidence obtained therefrom. The application was denied, and Cogen appealed the denial before the main trial had begun. The Circuit Court of Appeals held that it had no jurisdiction to review the order, and the Supreme Court affirmed that holding. In the course of his opinion Mr. Justice Brandeis said:

"In essence, the motion resembles others made before or during a trial to secure or to suppress evidence, such as applications to suppress a deposition * * *." 278 U.S. at pages 223–224, 49 S.Ct. at page 119.

In that case the Court also said, 278 U.S. at page 225, 49 S.Ct. at page 119:

"Motions for the return of papers and the suppression of evidence made in the cause in advance of the trial, under this rule of practice, must be differentiated from independent proceedings brought for a similar purpose. Where the proceeding is a plenary one, like the bill in equity in Dowling v. Collins,

5 Cir., 10 F.2d 62, its independent character is obvious; and the appealability of the decree therein is unaffected by the fact that the purpose of the suit is solely to influence or control the trial of a pending criminal prosecution. Applications for return of papers, or other property may, however, often be made by motion or other summary proceeding, by reason of the fact that the person in possession is an officer of the court. [Citations.] Where an application is filed in that form, its essential character and the circumstances under which it is made will determine whether it is an independent proceeding or merely a step in the trial of the criminal case. The independent character of the summary proceedings is clear, even where the motion is filed in a criminal case, whenever the application for the papers or other property is made by a stranger to the litigation [citations]; * * * or wherever the criminal proceeding contemplated or pending is in another court * * *."

In our case the petition requesting the court to suppress the deposition was filed by the deponent, Pierce, who was not a party to the Florida case, and it was filed in a different court. For both these reasons it must be treated as a separate, summary proceeding, brought by Pierce to suppress and destroy his deposition. The discussion in the Cogen case, supra, casts some doubt upon a court's power to suppress a deposition in a summary proceeding before adoption of the Federal Rules, but Rule 32(d), although not directly authorizing this proceeding, clearly contemplates the suppression of depositions upon motion. Rule 32(d), Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ The order quashing the subpoena is not appealable. National Nut Co. of California v. Kelling Nut Co., 7 Cir., 134 F.2d 532. And by the same reasoning, the court's denial of Mrs. Fisher's motion to hold Pierce in contempt

for refusing to obey the subpoena is not appealable. But the order suppressing the deposition and ordering appellant Fisher to bring it into court for destruction is appealable. This holding has ample basis in reason as well as authority. Of course, prejudicial errors in interlocutory orders may ordinarily be reached on an appeal from the final judgment. But in some cases, such as in the insant case, such an appeal would come too late to afford the injured party any actual relief. The question is when they should become appealable in order to give the party adversely affected every reasonable opportunity to have such decisions reviewed, and at the same time to not unduly hamper the administration of justice. If the order suppressing the deposition could not now be appealed, it could not be effectively appealed at all. This case is especially strong because the main proceeding is in a different circuit. If the Court of Appeals for the Fifth Circuit did decide that the deposition was improperly quashed and destroyed, it would have no power to correct the error. If the District Court's decision had been adverse to Pierce, he would be unable to appeal because he is not a party to the Florida case. The same is, of course, true as to the order quashing the subpoena, but another subpoena could always be obtained. This would not be true of a deposition which had been suppressed or destroyed.

The other reason for dismissing the appeal urged by Pierce is that the appellant, Mrs. Fisher, is not injured by the order below and, therefore, has no appealable interest. Mrs. Fisher's attorney claims, without denial by Pierce, that in the deposition Pierce testified freely and has refused to do so ever since. Of course, it is immaterial, for purposes of the motion to dismiss, whether or not Pierce has properly refused to testify fully. If appellant in the deposition has evidence that she cannot now acquire in any other way, she has an appealable interest in an order quashing it even if the deposition was im-

properly taken and should be held inadmissible in Florida. We do not reach those questions until after we rule on the motion to dismiss. Even if judgment has been entered in the case in Florida, the appellant could conceivably get a new trial on the basis of new evidence in the deposition if that is available to her.

For the reasons discussed above, the motion to dismiss the appeal is granted as to that part of the order quashing the subpoena, and denied as to that part suppressing the deposition and ordering its production in court for destruction.

The District Court apparently had two grounds for issuing the order appealed from: (1) the privilege claimed by Pierce as a certified public accountant, and (2) insufficient notice, under Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to adverse parties that Pierce's deposition was to be taken. Since we feel that the court's first ground based on privilege is valid, we shall discuss only that.

Illinois Rev.Stats. (1955) c. 110½, Par. 51, provides:

"A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant."

Pierce argues that this state law must be followed by federal courts sitting in Illinois under the principle of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Mrs. Fisher insists, however, that this statute is merely a procedural requirement and that the federal courts should follow their own rules. She points out that federal courts do not recognize a general privilege for accountants. Himmelfarb v. United States, 9 Cir., 175 F.2d 924, 939.

The Himmelfarb case is distinguishable from the situation confronting us in that there no state statute was involved. The defendant tried to rely on a general or common law privilege. The Cyclopedia of Federal Procedure dis-

tinguishes those circumstances from our own.

"The attorney-client, husband-wife, and physician-patient privileges, the 'dead-man' statutes, and other rules pertaining to privileged communications or knowledge, have long been commonly designated as rules of 'competency.' Some of these rules have a common-law origin, some have been codified in most of the states, and some are entirely statutory. If Rule 43(a) of the Rules of Civil Procedure is to be construed as permitting federal equity precedents to control as to admissibility, where they are more liberal than the state law, the question arises as to whether the federal view is to override merely state common law to the contrary or state codifications or statutes as well. The latter would seem to be an anomalous situation, and definitely contrary to the spirit of the Erie Railroad Case. A fair interpretation of the Rule would seem to be that a state statute, if there is one, should control though it is more restrictive than federal precedents, but, if there is no state statute and the Rule is doubtful as to the particular situation, the more liberal federal precedents may be followed." Volume 8, Cyclopedia of Federal Procedure (1950) § 26.31, p. 44.

■ Since the Judiciary Act of 1789, federal courts have felt bound to follow the rules of evidence of the state in which they sat, except where inconsistent with federal constitutional or statutory provisions. Connecticut Mutual Life Insurance Co. v. Union Trust Co., 112 U.S. 250, 254–255, 5 S.Ct. 119, 28 L.Ed. 708. This rule has been preserved today in the Conformity Act which applies here.

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C.A. § 1652.

■ Federal courts have held that state laws creating a privilege are substantive, and they have followed them in diversity cases. Engl v. Aetna Life Insurance Co., 2 Cir., 139 F.2d 469, 470–471; Anderson v. Benson, D.C., 117 F.Supp. 765; Miller v. Pacific Mutual Life Insurance Co., D.C., 116 F.Supp. 365; In re Albert Lindley Lee Memorial Hospital, D.C., 115 F.Supp. 643, affirmed 2 Cir., 209 F.2d 122, certiorari denied Cincotta v. U. S., 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104.

■ The foregoing cases are controlling here, and suppression of the deposition was the proper way in which to enforce the Illinois statutory privilege. Mrs. Fisher does not contend that the testimony in the deposition does not fall within the scope of the state statute creating the privilege.

■ The next question is the applicability of an Illinois statutory privilege to a deposition taken in Illinois for use in Florida. We are unable to find direct authority on the point, but conclude that an Illinois court (or a federal court sitting in Illinois) could properly enforce this Illinois statutory privilege no matter where the deposition is to be used. The State Legislature had declared it to be public policy in Illinois that public accountants shall not be required to testify about information obtained in their confidential capacity as accountants. This policy would be defeated if any court, state or federal, sitting in Illinois should require an accountant to testify as to such information. This would be true whether the testimony was to be used in a court sitting in Illinois or in any other state.

■ Questions of evidence, including privilege, are generally decided by the law of the forum. First Trust Co. of St. Paul v. Kansas City Life Insurance Co., 8 Cir., 79 F.2d 48. Since the pro-

ceeding to suppress a deposition is an independent action, the law of the forum is the law of Illinois.

█ We are unable to find direct authority on the question of the destruction of a deposition which has been suppressed. However, we do not feel that it is proper. In his brief the witness says that "it is difficult to understand what proper or legitimate use could be made of the deposition after the Court had ordered it suppressed, so as to justify appellant retaining a copy of it, and appellant has suggested none." It is conceivable that the witness might waive his privilege by testifying at the trial in regard to the privileged matters, in which case the deposition might be admissible to impeach his testimony. When a deposition is suppressed for failure to give notice or some other procedural failing, the testimony of the reporter may, nevertheless, be admissible if it falls within one of the exceptions to the hearsay rule. In such a situation the deposition would be valuable to him to refresh his memory and perhaps add weight to his testimony. We speak of these possibilities not because they are material here, but because they point up the fact that a judge who suppresses evidence can never know what subsequent occurrences might make that evidence of extreme value to one of the parties involved. It was improper to order the destruction of the deposition in this case. If the court's order for its suppression should be ignored, contempt proceedings would be available.

For the reasons discussed in this opinion, we grant the motion to dismiss this appeal as to those parts of the trial court's order which quashed the subpoena *duces tecum* and denied appellant's motion to hold the witness Pierce in contempt for refusing to comply with the subpoena.

We deny the motion to dismiss as to that part of the trial court's order which suppressed the deposition and ordered its destruction.

We affirm that part of the order which suppressed the deposition and reverse that part of the order which directed the destruction of the deposition.

The case is remanded so that the order may be amended to comply with this opinion.

FINNEGAN, Circuit Judge.

My grave doubts concerning the appealability of the district court's order, brought here for review, impel me to disagree with the majority. 28 U.S.C. § 1291. I would accordingly sustain Pierce's motion to dismiss this appeal, pointing out that this deponent's problem arose in an *ancillary* proceeding encompassed by Rule 30(d), Fed.Rules Civ. Proc., 28 U.S.C.A. See also Fed.Rules Civ.Proc., Rule 32(d), 28 U.S.C.A.