**CARTER PRODUCTS, INC., Plaintiff-Appellee,**

v.

**EVERSHARP, INC., and Thrifty Drug Stores Co., Inc., Defendants-Appellants.**

**No. 15182.**

United States Court of Appeals Seventh Circuit.

April 28, 1966.

Frank F. Scheck, New York City, John D. Dewey, Clarence J. Fleming, Chicago, Ill., Pennie, Edmonds, Morton, Taylor & Adams, R. Morton Adams, New York City, Gibson, Dunn & Crutcher, Dean C. Dunlavey, Los Angeles, Cal., of counsel, for appellants.

James P. Hume, Chicago, Ill., for appellee.

Max R. Kraus, Chicago, Ill., for Nathan B. Lerner.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The district court denied a motion of Eversharp, Inc. and Thrifty Drug Stores Co., Inc. to compel Lerner to answer specific questions at deposition under Rule 30, Federal Rules of Civil Procedure, to answer all relevant questions, and to produce for inspection documents sought by a subpoena *duces tecum*.[1] This discovery was sought for use in defense of a patent infringement suit pending in the United States District Court for the Southern District of California.[2] Eversharp and Thrifty Drug Stores (hereinafter "appellants") have appealed, and Lerner, the witness and appellee herein, has moved to dismiss the appeal for lack of jurisdiction on the ground that the order appealed is not final.[3] We hold that the order denying

---

1. Carter Products, Inc., also joined in this motion.

2. Carter Products, Inc. v. Eversharp, Inc. and Thrifty Drug Stores Co., Civil Action No. 65–388–TC.

3. 28 U.S.C. § 1291 provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * *."

the motion is a "final decision" of which this court has jurisdiction, 28 U.S.C. § 1291, and we reverse the district court order.

Lerner, a resident of Chicago and subject to the jurisdiction of the District Court for the Northern District of Illinois, Eastern Division, is not a party to the California suit, and the courts there have no personal jurisdiction over him. In that suit, Carter alleged infringement of its patent (Reich Patent No. 3,171,-572) which claims a heater for heating shaving lather as it is being dispensed from a pressurized can. Part of Eversharp's defense there is that the Carter patent does not meet the standards of patentability found in 35 U.S.C. § 102 (a), (g).[4]

The Carter patent was issued March 2, 1965. Lerner's patent (Patent No. 3,-175,733), which also describes heaters for heating shaving lathers as dispensed from pressurized cans, was issued on March 30, 1965. The Lerner patent application was filed in the Patent Office prior to Carter's, the dates, respectively, being June 22 and August 2, 1962. Appellants' brief states that "in the California action Carter has produced some evidence that the work on which its patent is based may have taken place before the filing date of the Lerner application." To determine whether Lerner's work preceded that of Carter, so as to establish the defense under § 102, appellants, took Lerner's deposition. At the deposition Lerner, though explaining some of the facets of his patented heater, refused, on advice of counsel, to disclose dates on which he conceived, tested or built any heaters, and the identity of persons other than his attorney who had relevant knowledge of these facts; he also refused to produce, on advice of counsel, the subpoenaed "documents and things," which admittedly exist. When the district court denied the subsequent motion to compel the testimony and production of the documents for inspection, this appeal was perfected.

## APPEALABILITY OF THE ORDER

For all practical purposes this proceeding is appellants' only chance to obtain discovery from Lerner, and this appeal their only opportunity for review of the district court's order denying access to the information. We think fairness to Eversharp and fidelity to the purposes of discovery procedures require us to permit appeal of the order which is certainly final as to appellants and Lerner.

Lerner refers this court to several cases for the rule that "an order seeking to compel the testimony of witnesses and to compel the production of documents, or an order granting or denying a motion to quash a subpoena, is not a final order. * * * *"[5]

The order before us was effectually a quashing of the subpoena, as well as a refusal to compel discovery. The issue presented is whether this order is a "final decision" when it denies access to information in the possession of a witness who is a stranger to the pending action in another jurisdiction for which the evidence is sought. We hold the order is final and appealable, within the meaning of 28 U.S.C. § 1291. This court's decision in Palmer v. Fisher, 228 F.2d 603 (7th Cir. 1955), cert. denied,

---

4. § 102. Conditions for patentability; novelty and loss of right to patent
   A person shall be entitled to a patent unless—
   (a) the invention was known or used by others in this country * * * before the invention thereof by the applicant for patent, or
   * * * * *
   (g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it.

5. Brief on Behalf of Nathan B. Lerner, pp. 3–4, citing Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); National Nut Co. of California v. Kelling Nut Co., 134 F.2d 532 (7th Cir. 1943); Palmer v. Fisher, 228 F.2d 603 (7th Cir. 1955); Goodyear Tire & Rubber Co. v. Jamaica Truck Tire Service Co., 66 F.2d 91 (7th Cir. 1933); Korman v. Shull, 310 F.2d 373 (6th Cir. 1962); and Thomas French & Sons v. International Braid Co., 146 F.2d 735 (1st Cir. 1945).

351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485 (1956), replied upon by Lerner, is inconsistent with our present holding.

In *Palmer*, a defendant in a suit pending in a Florida district court obtained a subpoena from an Illinois district court for the deposition of and production of documents by a Chicago accountant who audited the books of a corporation whose financial information was involved in the Florida suit, and this court held that an order quashing the subpoena *duces tecum* was not appealable,[6] citing National Nut Co. of California v. Kelling Nut Co., 134 F.2d 532 (7th Cir. 1943). In *National Nut* this court held non-appealable an order of an Illinois district court in aid of a subpoena, sought by the plaintiff-corporation for use in its pending California suit, to compel officers of the defendant-corporation in the California suit to testify and produce documents, citing Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), for the statement that "a refusal to issue a subpoena duces tecum or a refusal to quash one already issued is not an appealable decision." 134 F.2d at 533.

In *Cobbledick* the Supreme Court held that an order *denying* a motion to quash a subpoena *duces tecum* directing a witness to appear and produce documents be-

fore a grand jury was not a "final decision."[7] The result was that the witness must comply with the discovery procedure, appeal being allowed only from a "final" contempt decision for failure to comply. The same is true of Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), where the order to comply with the subpoena was held not to be a "final decision."

This court, in Goodyear Tire & Rubber Co. v. Jamaica Truck Tire Service Co., 66 F.2d 91 (7th Cir. 1933), another case relied on by Lerner, held non-appealable a lower court order directing the issuance of a subpoena. There, as the Supreme Court did in *Cobbledick* and *Alexander*, we noted that appellate review would be available if and when the witness was punished for contempt for refusing to comply. This availability of appellate review distinguishes these cases, and *National Nut*, from the rule announced in *Palmer*[8] and contended for by Lerner here.

Our holding that the order involved is a "final decision" is based on the fact that it is "final" for all practical purposes. To hold otherwise would be to disregard the Supreme Court's warning in *Cobbledick*, 309 U.S. at 329, 60 S.Ct. at 543: "Due regard for efficiency in liti-

6. The subpoena in *Palmer* was evidently quashed on two grounds: insufficient notice of the taking of the deposition to the opposing parties, see Rule 30(a), and the privilege of an accountant. 228 F.2d at 605. This court, after denying the appeal, noted however that "another subpoena could always be obtained," 228 F.2d at 607, evidently thinking that the information sought from the accountant could still be obtained.

7. The Supreme Court, in *Cobbledick*, 309 U.S. at 325, 60 S.Ct. at 541, stated that the condition of "finality" is required so that judicial administration be not "arrested by permitting separate reviews of the component elements in a unified cause." The decision and order appealed here by appellants cannot be said to be a "component element" of the California action.

8. See text accompanying note 6, supra. This court, however, in *Palmer*, 228 F.2d

at 607, did recognize the principles involved in "finality" when it held appealable the lower court's order suppressing the partial deposition that had been made, stating:

Of course, prejudicial errors in interlocutory orders may ordinarily be reached on an appeal from the final judgment. But in some cases, such as in the instant [*sic*] case, such an appeal would come too late to afford the injured party any actual relief. The question is when they should become appealable in order to give the party adversely affected every reasonable opportunity to have such decisions reviewed, and at the same time to not unduly hamper the administration of justice. If the order suppressing the deposition could not now be appealed, *it could not be effectively appealed at all*. (Emphasis added.)

gation must not be carried so far as to deny all opportunity for the appeal contemplated by the statutes." We think that the order before us does "settle" something as to appellants (as required by the language of this court in *National Nut*), and that the effect of our holding does not impinge upon the general principle against fragmentary appeals that would impede the progress of the main litigation.[9]

■ We agree with the First Circuit in Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961), that "[w]hat is critical is whether the party unsuccessfully seeking the subpoena has any other means of obtaining review." [10] We conclude that we should extricate appellants from the cul-de-sac in which the district court's order leaves them. In so far as the holding herein is inconsistent with *Palmer*, that case is no longer adhered to.

## MERITS

On the merits we think the district court's order is erroneous. The framers of the Federal Rules provided liberal discovery, e. g., Rules 26 and 45(d), concluding that any inconvenience to third parties in the federal courts is generally outweighed by the public interest in seeking truth in every case, with the elimination of unfair surprise and full and adequate preparation by both sides.

It is not disputed that the information sought from Lerner is relevant to appellants' defense in the California infringement suit based on the Carter patent. This is especially true if "some evidence" of Carter in the California action shows that its work preceded Lerner's application. And Lerner does not claim that the information sought is privileged within the meaning of Rule 26(b).

What Lerner does contend is that the information sought, especially the dates of his research, conception and development of his invention, are "confidential," within the provision of Rule 30(b) that "secret processes, developments, or research need not be disclosed * * *"; and that he would be prejudiced in that his property rights in and to his patent could be destroyed. No cases are cited to support these contentions.

■ The answer is that no attempt has been made to show this court that the information sought comes within the "secret processes" clause of Rule 30(b), and our review of the record indicates to the contrary. In addition, Rule 30(b) is permissive only, conferring no absolute right to refuse to divulge the information, and on this record we think the inconvenience to Lerner is minimal, weighed against the public interest in seeking the truth about the validity of patent grants. Lerner evidently assumes that Carter might, once having also found out this information from him, produce even more evidence to overcome the dates of any prior work done by him. But appellants and Carter allege that their dates are already of record in the California suit; indeed, counsel for Carter made the following offer:

> Our two inventors have already been deposed by Eversharp. It occurs to me that one practical solution that the Court might consider would be to order Carter Products to turn over to Lerner exactly the same thing that Eversharp is asking Mr. Lerner to turn over to Carter and Eversharp.

> We could follow in this proceedings, in this lawsuit, the same procedure, perhaps, that is employed by the Patent Office, whereby there is a simul-

9. 4 Moore, Federal Practice, ¶ 26.37 [1], at 1711 (2d ed. 1963).

10. 290 F.2d at 424. In *Horizons Titanium* the court denied a motion to dismiss an appeal from an order quashing subpoenas, on facts similar to those in this appeal. See also 4 Moore, Federal Practice, ¶ 26.-37 [1.–2], at 1717–19 (2d ed. 1963), approving the result; Machin v. Zuckert,

114 U.S.App.D.C. 335, 316 F.2d 336, cert. denied, 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963); Westinghouse Electric Corp. v. City of Burlington, Vermont, 351 F.2d 762, 765 (D.C. Cir. 1965); Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 996 (10th Cir.), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965).

taneous exchange of such information. Mr. Lerner's counsel has tentatively suggested that something like that be done in the future. * * * It is fortunate that Carter's invention dates are already of record in the California litigation. They are "writ' in stone." A copy of the transcript of the testimony of our inventors, a copy of all our research and development documents, a copy of our answers to the same question posed to us, which Eversharp posed to Mr. Lerner this morning, could be given to Mr. Lerner or could be given to his counsel at the same time we ask him to give the same material back to us.

This, plus the district court's power to provide protective conditions at Lerner's insistence under Rule 30(b), remove the basis for Lerner's assumption of prejudice.

Lerner's argument that he would be able to obtain a simultaneous disclosure from Carter, and to cross-examine Carter's testimony if an interference proceeding were brought in the Patent Office by either patentee, is of no effect, in view of the fact that Lerner does not show that appellants can control the commencement of an interference proceeding. Furthermore, the district court on remand can order the equitable exchange of information as Carter offered. Lerner suggests that appellants could get the information desired by filing a declaratory judgment action in the Northern District of Illinois against Lerner, in view of his infringement charge against Eversharp. This suggestion has no merit. Eversharp is entitled to the discovery provisions of the Federal Rules in defense of the California action. The information sought is relevant and there is a present need for the disclosure.

The order appealed from is reversed, and the cause is remanded with directions to enter an order allowing the motion of appellants subject to the views we have expressed.

SCHNACKENBERG, Circuit Judge, concurs in the result.