NEW YORK UNDERWRITERS INSUR-
ANCE COMPANY, an Insurance
Corporation, Plaintiff,

v.

UNION CONSTRUCTION COMPANY, a
Corporation; John Smith, Individually
and John Smith, d/b/a John Smith
Trucking Service; Loren Albrecht;
Countryside Casualty Company, an In-
surance Corporation; and St. Louis-San
Francisco Railway Company, a Corpo-
ration, Defendants.

No. KC–2583.

United States District Court
D. Kansas.

June 26, 1968.

Leonard O. Thomas, of Stanley, Schroeder, Weeks, Thomas & Lysaught, Kansas City, Kan., for plaintiff.

Frank Saunders, of Wallace & Saunders, Overland Park, Kan., for defendant Union Construction Co.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

Defendant Union Construction Company has moved the court for an order requiring plaintiff to produce the documents listed in an attachment to the motion. The plaintiff claims that the documents are privileged, and the court directed that they be submitted for in camera inspection. This has been done and the documents have been examined by the court. They fall broadly into two groups, one having to do with the question of coverage of the insurance policy in suit, and the other with a related workmen's compensation case. Included

in each group are letters to and from plaintiff's attorneys, inter-office memoranda and informal memos on scraps of paper.

 This is a diversity case and Kansas law controls on the question of privilege. Palmer v. Fisher, 228 F.2d 603 (7th Cir. 1955), cert. denied, 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485 (1956). K.S.A. 60–426 extends the attorney-client privilege to communications between a lawyer and client in the course of that relationship. The term "communications" includes communications from a client for the purpose of securing legal advice. The Kansas statute makes no distinction between "kept lawyers" and those retained on a case-by-case basis. The inter-office memoranda are between lawyers regularly employed by plaintiff in its claim department. Communications and consultations between attorneys representing the same party are privileged. All of the submitted documents appear to deal with information gathered for the purpose of submission to present counsel or members of his firm for the purpose of securing legal opinions in the workmen's compensation case or in connection with the question of policy coverage. Under the English rule, the cloak of privilege covers material brought into existence for the purpose of being communicated to a solicitor so that his professional advice might be obtained even while the material is still in the client's hands. 4 Moore's Federal Practice 1327. While the Kansas statutory rule does not go so far, I believe that it does cover the material submitted and that defendant's motion must be denied.

It is ordered that defendant's motion be denied; and

It is further ordered that unless defendant files objections within ten days from this date, the submitted documents be returned to plaintiff's counsel. If objection is filed, plaintiff's counsel will arrange for photocopying the submitted documents so that the originals may be sealed and retained by the clerk for possible use on appeal.