LA COUNT *v.* VON PLATEN-FOX CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AMEND-
   ING CLAIM—FAILURE TO FILE NOTICE OF DENIAL OF LIABILITY—
   WAIVER.

   Where a claimant under the workmen's compensation
   act was allowed, at the hearing before the deputy com-
   missioner, to change his claim of injury from hernia
   to that of an enlarged scrotum, and he had already been
   informed that the employer claimed that there was no
   injury by refusing to pay his hospital bill, the employer
   was properly permitted to make the defense of no injury
   although no formal denial of liability had been filed as
   required by the rules of the commission.

2. SAME—PURPOSE OF REQUIRING NOTICE OF DENIAL OF LIABILITY.
   The purpose of the rule of the commission requiring an
   employer to file notice of denial of liability is to inform
   the employee, so that he may come to the hearing pre-
   pared to show liability.

3. SAME — EVIDENCE — HEARINGS    BEFORE    COMMISSION    QUASI-
   JUDICIAL.
   With respect to rules of evidence, hearings before the com-
   mission have *quasi*-judicial character.

4. SAME — EVIDENCE — TESTIMONY BY PHYSICIANS — PRIVILEGE —
   WAIVER—STATUTES.
   Where an employee, at the hearing, called a physician to
   show the nature of his claimed injury, he waived the
   privilege of preventing other physicians from disclosing
   information on the subject acquired in attending him in
   their professional character (3 Comp. Laws 1915, § 12550).

5. SAME—CASE REMANDED FOR CONSIDERATION OF COMPETENT TESTI-
   MONY.
   Where the commission, in awarding compensation to plain-
   tiff, refused to consider competent testimony given by
   physicians who had treated him, to the effect that he was
   not suffering from an injury but from a chronic condition,
   on review, the award is set aside, and the case remanded

As to waiver of privilege of communication between physician
and patient, see annotation in 48 L. R. A. (N. S.) 395.

for reconsideration by the commission, with direction to give consideration to the testimony.

Certiorari to Department of Labor and Industry. Submitted January 3, 1928. (Docket No. 27, Calendar No. 33,398.) Decided July 24, 1928.

Louis La Count presented his claim for compensation against the Von Platen-Fox Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed and remanded.

*Symonds & Rahm,* for appellant.

*Derham & Derham,* for appellee.

WIEST, J. Plaintiff was employed by defendant in road building. Claiming an accident caused a hernia he applied for compensation. At the hearing, before a deputy commissioner, he was permitted to change his claim from hernia to that of an enlarged scrotum. At the time of the alleged injury he was sent to a hospital by defendant, but, upon being advised that he had sustained no injury and was suffering from a chronic condition only, defendant refused him hospitalization and denied liability. From an award of compensation, defendant appealed to the department of labor and industry, and, upon affirmance there, reviews here by certiorari.

Defendant did not file a formal denial of liability to the claim as first made or to the change made at the hearing, and it is urged in behalf of plaintiff that such failure, under Rule 5 of the procedure before the commission, precluded defendant from making the defense of no injury. The opinion of the commission, relative to notice of denial of liability, aptly fits the peculiar circumstances of this case and equitably sets off one harmless technicality against another. The

purpose of the rule is to inform a plaintiff of denial of liability so he may come to hearing prepared to show liability.    Plaintiff was aware of denial of his having suffered any injury when defendant, on that very ground, refused him hospitalization.    The commission took a sensible view, and let the spirit of the rule prevail over its letter in an instance where it worked no harm to do so.

We quote the ruling:

"At the conclusion of plaintiff's testimony before the deputy commissioner, defendant offered Dr. S. E. Cruse as a witness in its behalf.    Plaintiff's attorney objected to defendant introducing any testimony on the ground that defendant had not filed any denial of liability as required by the rules of the commission. There could be no question, under the decisions of our Supreme Court and the rulings of this commission, but what plaintiff's motion should prevail except for the fact that the plaintiff in his notice and application for adjustment of claim, stated the injury to be a hernia and gave no notice of any other injury until the hearing.    Plaintiff, during the hearing, changed the injury from a hernia to an injury to the scrotum. Defendant's attorney claimed they were surprised, but after some controversy both parties proceeded with the case.    We are of the opinion and so find that inasmuch as plaintiff did not amend his notice and application until during the hearing, that plaintiff waived his right to insist that the defendant had not filed an answer.    The commission find, in view of the amendment and the particular circumstances in this case, that plaintiff waived his right of defendant's failure to file an answer in the first instance, and the defendant consented to a hearing upon the merits."

It was irregular to substitute a different claim of injury by oral amendment at the hearing.    It was also irregular to proceed with the hearing without a formal denial of liability.    Stand one irregularity against the other and no one was harmed and we have—justice.

At the hearing plaintiff called a physician to show the nature of his injury and that it might have been

occasioned in the manner he claimed. Defendant thereupon called two physicians who had attended plaintiff before the claimed injury (one of them on the day of the claimed injury) to show the alleged injury was no injury but a chronic trouble of long standing. Counsel for plaintiff objected on the ground of privilege of the patient, and the commission wholly rejected the testimony, saying:

"The giving of this testimony of the doctors we find in violation of the statute and their testimony could not be considered in arriving at a decision in this case. This leaves plaintiff's testimony uncontradicted. It might be noticed, further, that even if the testimony of defendants were admissible, it is doubtful if the result would be affected. We should not lose sight of the fact that if an accident aggravates an existing condition, there still remains the accidental injury. His previous condition is not material."

The statute (3 Comp. Laws 1915, § 12550) provides:

"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: *Provided, however,* That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition." * * *

. The privilege of the patient is not of common law but rests upon the statute, and the waiver thereof is in the same statute, to prevent the suppression of evidence by one seeking aid of the law in securing com-

pensation for a personal injury.    With respect to rules of evidence, hearings before the commission have *quasi*-judicial character, and, when plaintiff invoked the action herein to recover compensation for a claimed personal injury and called a physician as a witness in his own behalf, he waived the privilege of preventing other physicians from disclosing information on the subject acquired in attending him in their professional character.

Upon the subject of waiver of the privilege, and in line with our statute, we quote from 5 Wigmore on Evidence (2d Ed.), § 2389:

"In the first place, the *bringing of an action* in which an essential part of the issue is the existence of physical ailment should be a waiver of the privilege for all communications concerning that ailment.    The whole reason for the privilege is the patient's supposed unwillingness that the ailment should be disclosed to the world at large; hence the bringing of a suit in which the very declaration, and much more the proof, discloses the ailment to the world at large, is of itself an indication that the supposed repugnancy to disclosure does not exist.    If the privilege means anything at all in its origin, it means this as a sequel.    By any other conclusion' the law practically permits the plaintiff to make a claim somewhat as follows:    'One month ago I was by the defendant's negligence severely injured in the spine and am consequently unable to walk; I tender witnesses A, B, and C, who will openly prove the severe nature of my injury.    But, stay!    Witness D, a physician, is now I perceive, called by the opponent to prove that my injury is not so severe as I claim; I object to his testimony because it is extremely repugnant to me that my neighbors should learn of my injury, and I can keep it forever secret if the court will forbid his testimony.'    If the utter absurdity of this statement (which is virtually that of every such claimant) could be heightened by anything, it would be by the circumstance (frequently observable) that the dreaded disclosure, which the privilege prevents, is the fact that the plaintiff has suffered no injury at all.    The privilege under these

circumstances becomes a burlesque upon logic and justice."

The testimony of the physicians was competent, and the commission should have given consideration to the same. But, it is stated in the opinion of the commission: "that even if the testimony of defendants were admissible, it is doubtful if the result would be affected." If plaintiff had called the physicians mentioned there could be no possible doubt of the result required under their testimony.

Plaintiff testified:

"Q. Now, did you have any swelling in your scrotum before this happened?
"A. No, sir."

Defendant has a right to have the commission give consideration to the rejected testimony and the award is set aside and the case remanded to the commission for reconsideration and with direction to give consideration to the testimony submitted by defendant. Defendant will recover costs.

NORTH, FELLOWS, CLARK, and SHARPE, JJ., concurred. MCDONALD, J., concurred in the result.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.