MULVENA *v.* ALEXANDER.

1. WITNESSES—PRIVILEGED COMMUNICATIONS—PHYSICIAN AND PATIENT—PROCEEDINGS FOR COMMITMENT AS AN INSANE PERSON.

Physician-patient privilege does not obtain as to communication by latter to former in course of former's examination incident to proceeding to commit latter to an institution as an insane person, since the physician's certificates are of record in the probate court, are public in nature and physicians acted under court order as provided by statute (Comp. Laws 1929, § 6887, as amended by Act No. 85, Pub. Acts 1933; § 14216).

2. SAME—PHYSICIAN AND PATIENT—PRIVILEGED COMMUNICATIONS—WAIVER.

In action for personal injuries following rear end collision of plaintiff's car any privilege which might have attached to communication by her to physicians who examined her in connection with probate proceedings to have her committed as an insane person *held*, waived where plaintiff had called physicians to testify as to her condition at time of trial and also prior to the accident (Comp. Laws 1929, § 6887, as amended by Act No. 85, Pub. Acts 1933; § 14216).

3. SAME — IMPEACHMENT — MENTAL AND NERVOUS CONDITION OF PLAINTIFF.

Defendant's evidence as to plaintiff's conduct bearing upon her mental and nervous condition while in a sanitarium about four years previous to rear-end collision *held*, pertinent and not mere impeachment of plaintiff upon a collateral matter where she had testified as to her conduct therein and claimed that prior to the accident her mental and nervous condition was good.

4. SAME—REASON FOR REMEMBERING FACTS.

Witness who testified as to material facts occurring over four years previously may give his reason for remembrance thereof.

5. APPEAL AND ERROR—USE OF NARCOTICS—GOOD HEALTH.

In action to recover damages for alleged injuries resulting from automobile collision where plaintiff claimed to have enjoyed good health previously and denied taking narcotics, permitting defendant to show by a druggist that he had filled prescriptions in her behalf for narcotics *held*, not reversible error.

6. SAME—TECHNICAL ERRORS ON ADMISSION OF EVIDENCE.

　　On such an issue as good health of plaintiff prior to automobile accident where nature of case makes difficult the application of ordinary rules of evidence, technical errors in admission of some matters of slight moment and not directive of verdict rendered, should not require reversal.

7. AUTOMOBILES — PROPERTY DAMAGE — PERSONAL INJURIES — REAR END COLLISION—EVIDENCE.

　　In action by plaintiff teacher against defendant, whose car collided with rear end of her car, for property damage and personal injuries, verdict for defendant that plaintiff suffered no personal injuries as result of such collision *held*, not contrary to the great weight of the evidence.

8. APPEAL AND ERROR — QUESTIONS REVIEWABLE — INADEQUACY OF VERDICT.

　　In action for property damage and for alleged personal injuries arising out of rear end collision where jury gave verdict for property damage but awarded no damages for claimed personal injuries, asserted inadequacy of verdict is not before Supreme Court for consideration.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 7, 1936. (Docket No. 40, Calendar No. 39,122.) Decided December 9, 1936. Rehearing denied January 20, 1937.

Case by Margaret Mulvena against Glenn J. Alexander for damages for injury to automobile and for personal injuries suffered in a collision between motor vehicles. From verdict and judgment for plaintiff for property damages, she appeals. Affirmed.

*Stuart W. Hill,* for plaintiff.

*George E. Day* and *Leo H. Robb* (*Maurice Miller,* of counsel), for defendant.

WIEST, J. November 20, 1933, defendant's automobile bumped the rear of plaintiff's car which she

was driving. She was a school teacher and on her way to school, accompanied by a friend. The collision did not overturn her automobile but drove it slightly ahead and caused injuries to the car amounting to only $27.23. She brought this suit to recover damages for personal injuries and cost of repairs to her car. She had verdict for $27.23, the damage to the car, and asked for and was refused a new trial.

Upon review she contends that the verdict was contrary to the great weight of the evidence, the damages awarded grossly inadequate and that erroneous rulings were made at the trial. She declared that "as a proximate result of said collision, plaintiff suffered personal and bodily injuries," set forth in detail, inclusive of shock to her nervous system, and that prior to the accident she "was in good physical and mental condition, and enjoyed good health." The damage to her car was claimed by the bill of particulars to the amount of $27.98. The answer of defendant left plaintiff to her proofs.

At the trial the issue arose whether the alleged injuries were ailments of long standing rather than occasioned by the collision. Plaintiff was questioned about her previous physical, mental and nervous ailments and defendant took issue with her claim of freedom from like anterior suffering. Upon such issue the court permitted introduction of probate records showing an application, in November, 1929, by plaintiff's mother (later, however, withdrawn) to have her admitted to an asylum as an insane person, appointment by the court of two physicians to examine her alleged condition and then report to the court.

The physicians examined her, were called as witnesses, verified the contents of their reports and were cross-examined. Counsel for plaintiff objected

to the testimony on the ground that the matters were privileged and contends that admission of such evidence was in violation of the privilege between patient and physician and contrary to the statute 3 Comp. Laws 1929, § 14216. One of the physicians testified from personal observation of plaintiff that he classified her as a "manic-depressive type of psychosis." The certificates were of record in the probate court, were public in nature, the physicians acted under court order as provided by statute, 2 Comp. Laws 1929, § 6887,* and the physician-patient privilege did not obtain. See *Perry* v. *Hannagan,* 257 Mich. 120 (79 A. L. R. 1127). But, beyond this, plaintiff had called physicians to testify to her condition at the time of the trial and also prior to the accident and, under such circumstances, even if the privilege did once exist, it was thereby waived. *La Count* v. *Von Platen-Fox Co.,* 243 Mich. 250.

For a short period in the fall of 1929, plaintiff was in a sanitarium for hospitalization and gave testimony relative to her conduct therein and, over objection, defendant was permitted to show conduct bearing upon her mental and nervous condition at that time. The subject-matter, under the issue presented by plaintiff's claim of no physical, mental or nervous trouble before the accident, was pertinent and not mere impeachment upon a collateral matter, and for the same reason there was no error in permitting a witness of plaintiff's behavior in the sanitarium to be asked and to give the facts relative thereto and the reason for remembrance thereof.

Plaintiff denied taking narcotics before the accident; and defendant was permitted to show by a druggist that he had filled prescriptions in her behalf

---

* This section has been amended by Act No. 85, Pub. Acts 1933, and Act No. 22, Pub. Acts 1935.—Reporter.

for narcotics. The reason assigned by counsel that such evidence impeached plaintiff's denial was bad but, under plaintiff's claim of previous good health, we cannot consider the admission of the evidence of sufficient importance to constitute reversible error.

The testimony took a wide range only justified by the claim of plaintiff of previous good health of body and mind and freedom from nervous condition. Plaintiff did not claim an aggravation of existing ailments but charged that the accident was the origin of all of her suffering.

Under such an issue it is difficult to apply ordinary rules of evidence and, if technical error was committed in the admission of some matters of slight moment and not directive of the verdict rendered, they should not, upon review, be accounted serious enough to call for reversal.

The jury evidently found that plaintiff's claimed ailments were not occasioned by the collision.

The court instructed the jury:

"If the defendant was guilty of negligence, this accident happened as claimed by the plaintiff, and the plaintiff was free from negligence and the defendant was negligent, then of course you must determine what injuries resulted to the plaintiff as a result of the negligence of the defendant. * * *

"Plaintiff also has the burden of proof to establish every element of her claim, that is: She must establish that the injuries, or damage, which she claims she suffered, were directly caused by the negligence of the defendant, and from no other cause. Even though she establishes the burden of proof to your satisfaction, that the defendant is liable for the accident, she still has the burden to establish to your satisfaction that all the elements of damage, which she claims, were directly caused by this accident, and not by any other accident.

"And I further charge you at this time that it is not the claim of the plaintiff that she had a pre-existing condition and that this accident aggravated the condition, but it is her claim that this accident was the cause and plaintiff is bound by the theory of her own case; therefore, if you find that she had a pre-existing condition, and that this accident may have aggravated that condition, she cannot recover for that aggravation, because it has not been pleaded, nor is it claimed; and, therefore, she has the burden of proof to establish that her pain, her suffering and her injuries were the direct and natural cause resulting from this accident, and this accident alone."

The issues were presented to the jury in exact line with the theory and claim of plaintiff and no complaint is made of the instructions.

In denying the motion for a new trial the court pertinently remarked:

"There were two points in this case; first, whether or not she was guilty of contributory negligence and whether the defendant was guilty of negligence which entitled her to recover; and second, whether or not the condition that she was in was caused by this accident. Now, evidently the jury found with her on the first point and against her on the second, and there was an abundance of testimony to substantiate their verdict. * * * That being so, there is no reason for a new trial. The jury found with her as to the cause of the accident and awarded her the entire cost of the repairs to the car. They evidently found against her on her injuries and found that she had no injuries that came from this accident. If it had been a collision or a smash-up, that would have been impossible, but this being simply hitting the one car in the rear and no physical, I mean no external cuts or bruises or anything of that kind, they could very well find in this particular case that she received no injuries whatever, and that is what they did find."

The court was not in error in refusing a new trial. The verdict finds ample support in the evidence and cannot be adjudged contrary to the great weight thereof. No damages were awarded for claimed personal injuries and, therefore, the asserted inadequacy of the verdict is not here for consideration.

Upon consideration of the whole record we find no reversible error and the judgment is affirmed, with costs to defendant.

This disposition of the case makes it unnecessary to pass upon plaintiff's motion, filed after submission here, to permit her, in case of reversal with a new trial, to amend her declaration by adding a count averring that she suffered aggravation of existing ailments.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.