Allen M. **DORFMAN** and Marilynne Dorfman, Plaintiffs,

v.

Vincent J. **ROMBS**, individually, and as a partner of a partnership doing business as Miller, Mandell & Company, Meldon J. Smith, Special Agent, Internal Revenue Service, and Eugene C. Coyle, Jr., District Director of Internal Revenue, Defendants.

No. 63 C 333.

United States District Court
N. D. Illinois, E. D.

July 10, 1963.

Ira M. Burman, Morton J. Harris, Chicago, Ill., for plaintiff.

James P. O'Brien, U. S. Atty., Chicago, Ill., Thompson, Raymond, Mayer & Jenner, Chicago, Ill., for defendants.

CAMPBELL, Chief Judge.

The plaintiffs have brought this action seeking an injunction against an accountant and Internal Revenue Service agents, to restrain the disclosure by the accountant to Internal Revenue Service, of material and information presently sought by an Internal Revenue Service subpoena.

The defendants have filed a motion to dismiss alleging failure to state a claim upon which relief can be granted.

The issues are solely legal in nature.

Plaintiff's complaint is based upon the following three contentions: '

1) The information sought is privileged by virtue of the State (Illinois) Accountant privilege (Chapter 110½ § 51).

2) The information sought is protected by the 4th and 5th Amendments to the Constitution of the United States.

3) The Internal Revenue Service purpose is to obtain evidence for other pending litigation—and thus the information sought need not be turned over.

Considering these contentions in reverse order I find the following:—

■ Contention (3) is founded upon a reliance on Application of Myers, D.C., 202 F.Supp. 212, a 1962 case from the Eastern District of Pennsylvania. The factual situations are far from analogous —in Myers a criminal trial was scheduled. The government in issuing its summons was not interested in a proper administration of the revenue laws, but rather, sought to obtain otherwise unavailable pre-trial discovery. An evasion of the Federal Rules of Criminal Procedure was clear. Such is not the allegation or the apparent fact in this case.

Apparently related to this issue the government has sought to file an affidavit. I am of the opinion that this affidavit is unnecessary to a determination of this, or for that matter the other issues before me. Therefore, in order properly to consider this as a motion to dismiss the complaint for failure to state a cause of action and not as a motion for summary judgment, I exclude the government's affidavit.

■ Plaintiff's constitutional claims are equally without merit. The subpoena in question is addressed to a defendant in this action—not to the plaintiff who would now claim the privilege. The 5th Amendment privilege against self incrimination is personal in nature; it can only be claimed by an individual as to information or things sought from him. A person may not force another to claim the privilege in his behalf.

■ As to the 4th Amendment's prohibition against unreasonable search and seizure, assuming but not deciding that enforcement of the instant subpoena would constitute such unlawful search or seizure, still the claimant must be a " * * person aggrieved by an unlawful search and seizure * * * " properly to have "standing" for a claim of the Amendment's protection. (Rule 41, Federal Rules of Criminal Procedure.) Plaintiff has not claimed, nor on the basis of the facts before me can he claim, either an ownership or possessory right to the property sought.

As to plaintiff's claim of the Illinois Accountant privilege, plaintiff has cited and places prime reliance on the 9th Circuit's decision in Baird v. Koerner, 279 F.2d 623 (1960). The Court was there presented with an attorney client privilege claim—not an accountant privilege claim as I have here. As I read the Baird case the court did follow the law of the state relative to the attorney client privilege, reasoning that the status of attorneys was regulated and controlled by the state, and additionally, as the court observed, federal law also supported its decision. Assuming, for purposes of deciding this motion, the correctness of the Baird decision, it is in any event quite distinguishable from the instant action. We are not dealing here with the attorney client privilege, nor for that matter are we dealing with a privilege which is supported by federal law or the common law.

Plaintiff also cites our own 7th Circuit in Palmer v. Fisher, 228 F.2d 603 (1955). Plaintiff's brief accurately states that the court in Palmer recognized the Illinois accountant privilege—and permitted an accountant to claim the privilege in the federal court. I should observe, parenthetically, that plaintiff's brief is not quite as accurate in representing the decision to have been by an unanimous Court. For although it could not properly be termed a dissent, Judge Finnegan did " * * * disagree with the majority * * * " and did not join in the opinion, but rather, stated his belief that the appeal was not properly before the court. In any event the majority opinion in Palmer predicated its decision upon the applicability of the Erie Doctrine, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188: the court held that state laws creating privileges are substantive in nature, and that as such federal courts are, in compliance with Erie, bound to honor them.

However, jurisdiction of this court in the instant action is not founded on diversity of citizenship. Rather, jurisdiction is predicated, in the words of plaintiff's own complaint, on § 1340 —an Act of Congress concerning civil actions relating to internal revenue. Thus, the Erie Doctrine upon which the Palmer decision was based is not present in this case.

The government in support of its present motion relies on the 7th Circuit's decision in F.T.C. v. St. Regis Paper Co., 304 F.2d 731. The Court in St. Regis unequivocally denied a claimant the right to claim the instant Illinois Accountant privilege where, if granted, it would result " * * * in a frustration of the Federal Government's performance of a necessary investigatory function." Admittedly the case is somewhat distinguishable from the facts before me in that the claimant in St. Regis was a trade association and not, as here, an individual. Also, the subpoena there was issued by the F.T.C. rather than the Internal Revenue Service. However, the court cited with approval and ostensibly followed a decision by the 5th Circuit in Falsone v. United States, 205 F.2d 734. The facts in Falsone were almost identical to the instant facts.

I would now also add a thought of my own in relation to the issue before me. In Radiant Burners, Inc. v. American Gas Ass'n et al., D.C., 209 F.Supp. 321, I had occasion to comment briefly on the Illinois Accountant privilege. Advisedly I refer to it as an accountant privilege and not an accountant client privilege. I did so then, and I do so now because of the obvious language of the privilege. Chapter 110½ § 51 of the Illinois Rev. Stat. states the privilege in one sentence:

"A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant."

The statute does not even mention the term client. There having been no accountant client or accountant privilege at common law the statute must speak for itself: and if indeed it does so speak for itself, then it is clear that what the Illinois Legislature did in fact create was an accountant privilege, a privilege whose benefit was to inure to, and which could only be claimed by, an accountant. To this extent such a privilege would more closely resemble the attorney "work product" privilege and not the right of a client as founded in the attorney client privilege. This being the case it is difficult for me to find merit in the present action wherein the client and not the accountant is making claim to the privilege.

Accordingly, on the basis of the decision of this circuit in the St. Regis case, which factually presents a closer resemblance to this case than any of the authorities cited by the plaintiff, I grant the defendant's motion and herewith dismiss the complaint in this cause for failure to state a claim upon which relief could be granted.

Cause dismissed at plaintiff's costs.