**J. Trimble BOYD, Plaintiff,**

v.

**Albert L. WRISLEY, John Doe and Richard Roe, individually and dba Cedar Lodge Hotel, Defendants.**

**Civ. A. No. 4143.**

United States District Court
W. D. Michigan, S. D.
March 25, 1964.

Marcus, McCroskey, Finucan, Libner & Reamon, Grand Rapids, Mich., William G. Reamon, Grand Rapids, Mich., of counsel, Joseph M. Fasano, Chicago, Ill., for plaintiff.

Harrington, Waer, Cary & Martin, Grand Rapids, Mich., John C. Cary, Grand Rapids, Mich., of counsel, Williams, Thompson & Coulter, Traverse City, Mich., K. E. Thompson, Traverse City, Mich., of counsel, for defendants.

KENT, Chief Judge, and FOX, District Judge.

During pretrials conducted in this case on June 7, 1963 and October 15, 1962, the parties took conflicting positions as to the scope and meaning of the physician-patient privilege, when viewed in light of the discovery procedures declared by the Federal Rules of Civil Procedure.

■ Discovery under the Rules is limited to any matter "not privileged." Rule 26(b). The same limitation resides in Rule 34 relating to the discovery of documents. The basic meaning of this phrase has been stated by the Supreme Court in United States v. Reynolds, 345 U.S. 1, at page 6, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953):

"We think it should be clear that the term 'not privileged' as used in Rule 34, refers to 'privileges' as that term is understood in the law of evidence."

Rule 43(a) governs the admissibility of evidence in federal proceedings; it states in part:

"All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made."

The physician-patient privilege is governed by Michigan law. The Michigan Statute, M.S.A. § 27A.2157, Pub.Acts 1961, No. 236, setting out this privilege was construed and relied upon in Ranger, Inc. v. Equitable Life Assur. Soc. of U. S., 196 F.2d 968 (C.C.A. 6, 1952).

This statute reads as follows:

"§ 27A.2157 Physician-patient privilege; waiver.

"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition: Provided further, That after the decease of such patient, in a contest upon the question of admitting the will of such patient to probate, the heirs at law of such patient, whether proponents or contestants of his will, shall be deemed to be personal representatives of such deceased patient for the purpose of waiving the privilege hereinbefore created."

The scope of the privilege conferred by this statute was declared in Polish Roman Catholic Union v. Palen, 302 Mich. 557,

5 N.W.2d 463 (1942), quoting with approval, Briesenmeister v. Supreme Lodge Knights of Pythias of the World, 81 Mich. 525, 45 N.W. 977 (1890). The court said in 302 Mich. at page 562, 5 N.W.2d at page 465:

"It seems to me that the argument loses sight of one of the rights conferred by the statute. Privilege includes both the security against publication, and the right to control the *introduction in evidence,* of such information or knowledge communicated to or possessed by the physician. The latter right exists although the former had ceased to be of any benefit. *The public may know; but shall the jury be permitted to receive and weigh testimony derived from a source which the law has put the seal of silence upon, unless released by the party who alone has the right to say whether that particular witness shall be the medium of conveying such knowledge to the jury?* * * * The privilege conferred is that the physician shall not disclose or testify to those matters which the statute inhibits without the consent of the party to whom the privilege is extended, and this objection may be interposed whenever and as often as the party's rights may be affected by proffered testimony, if the objection be timely made." (Emphasis supplied.)

■ In light of the clear language of the statute, and the language used in the Palen case above, it appears that the physician-patient privilege is a continuing one, and is not waived by the commencement of an action. See La-Count v. VonPlaten-Fox Co., 243 Mich. 250, 220 N.W. 697 (1928); DeGroof v. Clark et al., 358 Mich. 274, 100 N.W.2d 214; Thomas v. Township of Byron, 168 Mich. 593, 134 N.W. 1021, 38 L.R.A.,N.S., 1186 (1912); Bendford v. National Life and Accident Insurance Company, 356 Mich. 52, 96 N.W.2d 113 (1959). Compare Bohlin v. Brass Rail, Inc., (D.C. N.Y., 1957) 20 F.R.D. 224; Padovani v. Liggett & Meyers Tobacco Co., (D.C. N.Y., 1959) 23 F.R.D. 255. Contra: Awtry v. United States, 27 F.R.D. 399 (D.C.S.D.N.Y., 1961).

■ We have carefully considered the proposition urged by defendants' attorney, Mr. John Cary. It is his position that the modifications following this language in the statute: " * * * to recover for any personal injuries, or for any malpractice, * * * " apply only to actions sounding in malpractice. The court disagrees. The modifications apply to both suits for personal injuries and for malpractice.

■ The seal of silence, unless specifically waived in the manner provided by law, is the result of the legislature's determination that as a matter of policy, the relationship between patient and physician is of such a nature that it is accorded the sanctity of protection, unless or until, the party voluntarily elects to waive the protection, as provided by the law.

■ Waiver of the physician-patient privilege in Michigan does not occur until the physician takes the stand to testify in an action brought by the plaintiff-patient. In this case, all material which comes within the privilege is immune to pretrial discovery.

■ The privilege continues in this case, after commencement of the action, and it is not waived, unless or until, the plaintiff elects to submit his attending physicians as witnesses in the trial of the case.