**CHORE–TIME EQUIPMENT, INC.,**
Plaintiff,

v.

**BIG DUTCHMAN, INC., Defendant.**

No. 4853.

United States District Court
W. D. Michigan, S. D.

Sept. 28, 1966.

Wheeler, Upham, Bryant & Uhl, Grand Rapids, Mich., Pepple, Yoder & Ainlay, Goshen, Ind., Olson, Trexler, Wolters & Bushnell, Chicago, Ill., Gordon B. Wheeler, Grand Rapids, Mich., Frank E. Yoder, Goshen, Ind., Richard Bushnell, Chicago, Ill., of counsel, for plaintiff.

Price & Heneveld, Warner, Norcross & Judd, Grand Rapids, Mich. Lloyd A. Heneveld, Charles C. Lundstrom, Grand Rapids, Mich., of counsel, for defendant.

## OPINION ON MOTION FOR RECONSIDERATION

FOX, District Judge.

This is a motion for reconsideration of defendant's motion for production of documents under Rule 34 of the Federal Rules of Civil Procedure.

It is the contention of the defendant that the documents are necessary to determine whether the plaintiff failed through error as required by 35 U.S.C.

§ 251, to obtain the new reissue claims in its original patent. Error, or as the courts refer to it, inadvertence, accident or mistake, must have occurred in order for the reissue patent to be valid.

In a prior decision in this case, this court ruled that the documents in question fell within the attorney-client privilege and were not subject to discovery.

The defendant now alleges that the plaintiff has waived its right to the attorney-client privilege on the basis of the following: (1) the oath filed by plaintiff pursuant to its application for reissue of Patent No. 25,589; and (2) statements made by Forrest L. Ramser, Vice President and Director of Sales of Chore-Time Equipment, Inc., and Lawrence Meyers, plaintiff's chief engineer, in depositions taken on October 27 and 28, 1965.

■■ In Magida v. Continental Can Company, 12 F.R.D. 74 (S.D.N.Y., 1951), the court said with reference to waiver of the attorney-client privilege:

"The waiver need not be expressed in writing nor in any particular form, but the intent to waive must be expressed either by word or act or omission to speak and act. In re Associated Gas and Electric Co., D.C.S.D.N.Y. 1944, 59 F.Supp. 743."

The court went on to say:

"A waiver may be effectuated by a disclosure of confidential information. Once the confidential matter has been disclosed, it is no longer a secret and the privilege which might be claimed under the statute disappears." 12 F. R.D. at page 77.

Although waiver by implication is universally recognized, in the cases holding that the privilege was implicitly waived, the waiver was generally attended by a disclosure of some or all of the communications between the client and his attorney. 8 Wigmore, § 2327 (McNaughton rev.1961).

Neither the oath nor the statements of Forrest Ramser and Lawrence Meyers disclose any of the communications between the plaintiff and its attorneys. The oath reads in part as follows:

"That the error resulting in applicants claiming less than they were entitled to arose through inadvertence, accident or mistake and without any deceptive intention on the part of applicants and either as result of applicants' inadvertent failure to explain clearly or their prior attorneys' failure to understand or appreciate fully the advantages and importance of certain combinations and features of the feeder apparatus now claimed herein;
* * *."

The statements of Messrs. Ramser and Meyers merely confirm what was stated expressly or implicitly in the oath.

■ It is apparent then that these disclosures establish only that communications were made between the plaintiff and its attorneys and that evidence of error may reside in them; they do not disclose any of the contents of the communications.

In many respects this case is analogous to Boyd v. Wrisley, 228 F.Supp. 9 (D.C.W.D.Mich., 1964), where this court held that the physician-patient privilege is not waived by the mere commencement of an action.

"Waiver of the physician-patient privilege in Michigan does not occur until the physician takes the stand to testify in an action brought by the plaintiff-patient. In this case, all material which comes within the privilege is immune to pretrial discovery.

"The privilege continues in this case, after commencement of the action, and it is not waived, unless or until, the plaintiff elects to submit his attending physicians as witnesses in the trial." 228 F.Supp. at page 11.

■ Finally, defendant claims that it is unfair for the plaintiff to assert the privilege after alleging that the error was a result of poor communications between it and its attorney. We disagree. Public policy requires that reissued patents be presumed valid even

when the Patent Office reissues a patent based solely on the allegations in the reissue oath. The plaintiff is within its rights when it asserts the privilege in order to avoid litigation of a matter presumably settled. This, of course, does not mean the defendant is precluded from raising the issue, but only that it may not require the plaintiff to produce the documents on the basis of the oath and the statements of Ramser and Meyers.

Accordingly, because neither the oath nor the statements disclose any of the contents of the privileged communications, and in light of the absence of authority supporting the defendant's position, defendant's motion is denied.

It is so ordered.