## ORLICH v. BUXTON

1. PHYSICIANS AND SURGEONS — EVIDENCE — PHYSICIAN-PATIENT PRIVILEGE.

The physician-patient privilege did not exist at common law and is purely statutory (MCLA § 600.2157).

2. PHYSICIANS AND SURGEONS — TRIAL — WITNESSES — PHYSICIAN-PATIENT PRIVILEGE — WAIVER.

A plaintiff who produces as a witness, a physician who has treated him for specific injuries, is deemed to have waived the physician-patient privilege as to all other physicians who have treated him for the same injuries (MCLA § 600-.2157).

3. PHYSICIANS AND SURGEONS—WITNESSES—TREATMENT FOR INJURY—PHYSICIAN-PATIENT PRIVILEGE—STATUTE.

Question by plaintiff's physician as to what her complaints were and her failure in response to that question to mention injuries allegedly sustained during a collision with plaintiffs' vehicle, did not constitute treatment for such injuries within the meaning of the statutory provision that testimony of a physician who has treated a plaintiff for injury constitutes a waiver of the physician-patient privilege with regard to other physicians who have treated plaintiff for such injury (MCLA § 600.2157).

4. TRIAL—WITNESSES—QUESTIONING—OBJECTION—OFFER OF PROOF.

After the sustaining of an objection, the objecting attorney may describe what he hopes to prove by a witness's answer or, by leave of the court, may examine that witness in relation to what he hopes to prove, the purposes of that proof being to provide the trial court with an adequate basis to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 401 et seq.
[2, 3] 58 Am Jur, Witnesses § 443 et seq.
Waiver of privilege as regards one physician as a **waiver as to** other physicians. 5 ALR3d 1244.
[4] 58 Am Jur, Witnesses § 572.

pass on the objection and the appellate court with a basis to evaluate a claim that the trial judge ruled incorrectly (GCR 1963, 604).

Appeal from Wayne, John M. Wise, J. Submitted Division 1 December 9, 1969, at Detroit. (Docket No. 4,971.) Decided February 25, 1970. Rehearing denied April 17, 1970. Leave to appeal denied October 19, 1970. 384 Mich 768.

Complaint by Stephen Orlich and Nada Orlich against Audley May Buxton to recover for injuries sustained in an automobile collision. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Joseph P. Puzzuoli* and *Joseph E. Mihelich,* for plaintiffs.

*Arthur W. Mitchell,* for defendant.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

LEVIN, J. Plaintiff, Nada Orlich, was injured when an automobile she was driving was struck in the rear by an automobile being driven by the defendant. She and her husband commenced this action and obtained a jury verdict.[1] The question on appeal concerns the extent of the plaintiffs' waiver of the statutory physician-patient privilege when they called as witnesses the physicians who treated Nada Orlich.

Nada Orlich was treated by one doctor from November 6, 1964, two days after the accident, through June 11, 1965. She was treated by another

[1] The verdict was $4,500 in favor of Nada Orlich and $1,500 for Stephen Orlich.

doctor from November 2, 1965 through April 1, 1966. Both of these doctors testified at the trial in November, 1967.

Mrs. Orlich testified that while she consulted no other doctor for conditions related to the accident, early in 1967 she saw Dr. William G. Quigley, and had upper and lower gastrointestinal tests "and female tests and so forth, just a general physical." She said that Dr. Quigley's examination had nothing to do with "the complaint in this accident."

The defendant's attorney then subpoenaed Dr. Quigley. When the doctor arrived in court he permitted defendant's attorney to see his records regarding Mrs. Orlich. Before Dr. Quigley could be called as a witness, the plaintiffs' attorney objected to his testifying. The objection was considered on a segregated record.

Defendant's attorney said that, "It is my understanding the doctor will indicate he performed a general examination on the plaintiff in February of this year and at that time when she was asked what her complaints were she did not indicate she had any back or neck problems. That's my purpose in wanting to put the doctor on."

Dr. Quigley then stated that Mrs. Orlich did not complain about cervical or back problems, and that she did not consult him about injuries to her neck and back.

The trial judge refused to allow the defendant to ask Dr. Quigley questions about his physical examination of Mrs. Orlich. The defendant claims the judge erred; we disagree and affirm.

The physician-patient privilege did not exist at common law; it is purely statutory.[2] Under the Michigan statute if a plaintiff produces a physician

---

[2] See *La Count* v. *Von Platen-Fox Co.* (1928), 243 Mich 250, 253; 58 Am Jur, Witnesses, § 401, p 232.

as a witness who has treated him for an injury, he
is deemed to have waived the privilege as to all
other physicians "who may have treated him for
such injur[y]."[3]

The defendant was not bound by Mrs. Orlich's
testimony that Dr. Quigley's physical examination
did not concern the injuries which she claims she
suffered in the accident. However, on the segre-
gated record, Dr. Quigley substantially corroborated
her testimony concerning the extent of his examina-
tion and treatment. He said that she did not com-
plain or consult him about injuries to her neck and
back.[4]

It was not the defendant's claim on the segregated
record that during Dr. Quigley's physical examina-
tion of Mrs. Orlich he acquired knowledge of wheth-
er she had suffered a neck or back injury or that
he treated her for such an injury.[5] The defendant's
attorney stated, rather, that he sought to question
Dr. Quigley before the jury in an effort to establish
that the doctor asked Mrs. Orlich what her com-
plaints were and that she did not complain about
back and neck problems: "That's my purpose in
wanting to put the doctor on."

One can, indeed, interpret a failure by Mrs. Or-
lich to complain of neck and back problems to mean

---

[3] MCLA § 600.2157 (Stat Ann 1962 Rev § 27A.2157); see
*Mulvena* v. *Alexander* (1936), 278 Mich 265, 268; *De Groff* v.
*Clark* (1960), 358 Mich 274, 278. Calling a treating physician did
not waive the privilege as to other treating physicians under an
earlier statute; see *Slater* v. *Sorge* (1911), 166 Mich 173, 178, 179,
construing 3 Comp Law 1897, § 10181. (The statute took its present
form when the judicature act of 1915 was adopted, see PA 195,
No 314, Ch XVII, § 62.) It is, therefore, apparent that the extent
of the waiver of the privilege which results from calling a treat-
ing physician depends on the language of the statute.

[4] The defendant did not complain on the segregated record of
the failure of the trial judge to swear Dr. Quigley before the in-
formal in-chambers examination of Dr. Quigley and colloquy be-
tween the judge and counsel took place.

[5] *Cf. La Count* v. *Von Platen-Fox Co., supra; Magda* v. *Johns*
(1964), 374 Mich 14, 20.

that she did not have a neck or back injury; an equally plausible interpretation is that she did not wish to consult Dr. Quigley about any neck or back injury. Whichever interpretation one chooses to adopt, such a question by a doctor and response by a patient is not "treatment" by the doctor "for such injury" within the meaning of the statute.

We also note that it is not claimed that Mrs. Orlich said that she had no other complaints, rather that she simply did not state any other complaints. She owed no duty to either Dr. Quigley or the defendant to relate to the doctor all her medical complaints. Her taciturnity was not the equivalent of "treatment" by him.

Nor did the trial judge err in refusing to allow Dr. Quigley to be further examined during the making of the segregated record. Under GCR 1963, 604, where an objection is sustained, the objecting attorney may describe what he expects to prove by the answer of the witness, "or by leave of court, may examine the witness in relation thereto." We find no abuse of the trial judge's discretion in refusing to allow an examination of Dr. Quigley under the circumstance that the defendant's attorney had already stated what he expected to prove through the doctor's testimony. The function of permitting an offer of proof was thereby satisfied, *i.e.,* that there be an adequate basis for the trial judge to pass on the objection and for the appellate courts to evaluate a claim that he ruled incorrectly.[6] The record made in this case was sufficient for both purposes; there was no error.

Affirmed. Costs to plaintiffs.

All concurred.

---

[6] See *Conlon v. Dean* (1969), 14 Mich App 415, 424.