James **BAYLOR**, Director of Insurance, State of Illinois as Liquidator for Fidelity General Insurance Company, Plaintiff,

v.

**MADING–DUGAN DRUG COMPANY** et al., Defendants.

No. 70 C 2151.

United States District Court, N. D. Illinois, E. D.

Dec. 18, 1972.

Jay A. Canel, Canel & Canel, Chicago, Ill., for plaintiff.

Joseph Lamendella, Robert S. Jacobs, Fred H. Bartlit, William Scott, Atty. Gen., Norman J. Barry, Chicago, Ill., for defendants.

BAUER, District Judge.

### MEMORANDUM OPINION AND ORDER

This cause comes on a motion by defendant Mading-Dugan Drug Company (Mading-Dugan) to quash a subpoena duces tecum served upon the accounting firm of Lybrand, Ross Brothers and Montgomery (Lybrand). The plaintiff

has had a subpoena duces tecum issued for the taking of a deposition in Texas in order to aid a deposition notice filed with the Clerk of this court. This subpoena requires Lybrand and one or more of its "officers, directors, or agents" to produce documents relating to the June 1969 financial statement of Mading-Dugan and its subsidiaries. Lybrand was the accountant for Mading-Dugan during the period in question in the instant litigation.

■ The defendant based its motion to quash the subpoena on the Illinois accountant privilege pursuant to ch. 110½, sec. 51 of the Illinois Revised Statutes.[1] Lybrand in an affidavit submitted to this Court by J. Eugene Clement, Attorney for Lybrand, has joined in Mading-Dugan's motion to invoke the accountant privilege.[2]

The plaintiff contends in opposition to the motion to quash:

1. The Illinois statute is not applicable to communications between accountants and their clients in a state other than Illinois. It is limited solely to Illinois "public accountants."

2. Where its jurisdiction is based on alleged violation of Federal law, this court should not enforce a statutory privilege specially created by Illinois.

It is the opinion of this Court that the Illinois accountant privilege is not applicable in this case.

1. A STATE STATUTE DEALING WITH AN ACCOUNTANT PRIVILEGE DOES NOT APPLY WHERE THE DISTRICT COURT IS EXERCISING FEDERAL QUESTION JURISDICTION

Federal courts dealing with the issue of privileged communications in diversity cases have generally applied state privilege statutes and followed state case law.[3] However, even in diversity cases some courts have failed to apply state privilege statutes.[4]

The instant action is based on the alleged boot-strap acquisition of an insurance company in violation of the Federal Securities laws as defined in Superintendent v. Banker's Life & Cas. Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971). Thus jurisdiction in the instant action is based not on diversity of citi-

---

1. Chap. 110½ sec. 51 reads:
   A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant.

2. Section 51 of ch. 110½ of the Illinois Revised Statutes creates a privilege which inures to and can be claimed by accountants only. See, e. g., Dorfman v. Rombs, 218 F.Supp. 905 (N.D.Ill.1963). It is contrary to clear language of the statute to term the privilege an "Accountant-Client Privilege" or to have the privilege raised by the client rather than invoked by the accountant.

3. The application of state privilege statutes in federal diversity cases is based on several premises. Some courts rely on a substantive right theory under the Erie doctrine, see R & J Dick Co. v. Bass, 295 F.Supp. 758 (N.D.Ga.1968) ; Republic Gear Company v. Borg-Warner Corporation, 381 F.2d 551 (2nd Cir. 1967) ; Massa-

chusetts Mutual Life Insurance Company v. Brei, 311 F.2d 463 (2nd Cir. 1962) ; Palmer v. Fisher, 228 F.2d 603 (7th Cir. 1955), cert. denied, sub nom. 351 U.S. 965, 76 S.Ct. 1030, 100 L.Ed. 1485. Other courts rely on the principle that state policy should be accommodated where possible, see e. g. Hill v. Huddleston, 263 F.Supp. 108 (D.Md.1967) ; Boyd v. Wrisley, 228 F.Supp. 9 (W.D. Mich.1964) ; Cimijotti v. Paulsen, 219 F.Supp. 621 (N.D.Iowa, 1963) ; United States v. Becton Dickinson & Co., 212 F.Supp. 92 (D.N.J.1962) ; Merlin v. Aetna Life Ins. Co., 180 F.Supp. 90 (S.D.N.Y. 1960).

4. Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55 (N.D.Ohio 1953) ; Brookshire v. Pennsylvania Railroad Co., 14 F.R.D. 154 (N.D.Ohio 1953) ; Humphries v. Pennsylvania Railroad Co., 14 F.R.D. 177 (N.D.Ohio 1953) ; Panella v. Baltimore & Ohio R. Co., 14 F.R.D. 196 (N.D.Ohio 1951).

zenship but on the violation of a federal statute.

■■■ It is this court's opinion that, as a matter of policy, states should not be permitted to decide for federal courts when they must refrain from hearing useful testimony in matters involving federal law. There is a significant difference between the application of a state privilege in diversity actions as opposed to application of such privilege in cases involving a federally created right. State legislatures create privileges because a particular relationship is considered so valuable to society that it should be fostered by preserving the confidentiality of the relationship even though evidence which might aid in the quest for truth will be lost. See 8 Wigmore, Evidence (McNaughton rev.1961) § 2285. The states' efforts to encourage these relationships are thwarted if the secrets which were privileged by a state statute are allowed to be disclosed in a federal diversity action merely because litigants happen to be citizens of different states. In diversity cases, the litigation is based on a state created right in which there is no justification for federal interference with the state's decision that a specific relationship is more important than the litigation.

Federal courts have refused to honor state privileges in actions involving enforcement of rights created under federal law.[5] More specifically, federal courts in cases involving the violation of federal laws have refused to apply an accountant privilege. United States v. Balistrieri, 403 F.2d 472 (7th Cir. 1968); Federal Trade Commission v. St. Regis Paper Company, 304 F.2d 731 (7th Cir. 1962); Himmelfarb v. United States, 175 F.2d 924 (9th Cir. 1949); United

States v. Culver, 224 F.Supp. 419 (D. Md.1963); Dorfman v. Rombs, 218 F. Supp. 905 (N.D.Ill.1963); Petition of Borden, 75 F.Supp. 857 (N.D.Ill.1948).

■■■ In federal question cases, there may be compelling reasons for ignoring a state privilege statute and following an independent federal rule. One such compelling reason occurs where there are clear indications of a federal policy toward uniformity and no significant state policy would be served by absorption of the state law into the federal proceeding. See e. g. Deitrick v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L. Ed. 694 (1940). The Supreme Court of the United States has recently amended the Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure to include Rules of Evidence for United States Courts and Magistrates. This amendment will be effective July 1, 1973. In Article V of these Rules, the Supreme Court has adopted the policy that:

Rule 501. *Privileges Recognized Only as Provided*

Except as otherwise required by the Constitution of the United States or provided by Act of Congress, and except as provided in these rules or in other rules adopted by the Supreme Court, no person has a privilege to:

(1) Refuse to be a witness; or

(2) Refuse to disclose any matter; or

(3) Refuse to produce any object or writing; or

(4) Prevent another from being a witness or disclosing any matter or producing any object or writing.

U.S. Law Week, Nov. 21, 1972, vol. 41 at 4024.

5. Colton v. United States, 306 F.2d 633 (2nd Cir. 1962), cert. den. 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499; United States v. Kovel, 296 F.2d 918 (2nd Cir. 1961); In re Albert Lindley Lee Memorial Hospital, 209 F.2d 122 (2nd Cir. 1953), cert. den. 347 U.S. 960, 74 S.Ct. 709, 98

L.Ed. 1104; Falsone v. United States, 205 F.2d 734 (5th Cir. 1953), cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; United States v. Brunner, 200 F.2d 276 (6th Cir. 1952); Dorfman v. Rombs, 218 F.Supp. 905 (N.D.Ill.1963).

As an accountant privilege is not defined as an exception to Rule 501, it is clear that the Supreme Court has announced the policy that the Accountant-Client relationship is not to be considered privileged in federal district courts.

It is this Court's opinion that a federal district court may no longer apply a state created accountant privilege in federal question cases. This opinion is based upon the federal policy announced in the Federal Rules of Evidence and the necessity for uniformity in the litigation of federal questions.

## 2. THE EVIDENCE IN QUESTION IS NECESSARY TO THIS LITIGATION

The thrust of the instant action concerns the question of whether Mading-Dugan in its alleged boot-strap acquisition of an insurance company transferred assets of the insurance company to itself and its subsidiaries. The necessity for discovery concerning the financial condition of Mading-Dugan and its subsidiaries during the time in question is apparent. So also is the necessity for examining relevant documents and deposing various members of the Lybrand Accounting firm, the accountant for Mading-Dugan during the period in question.

## 3. APPLICATION OF THE ILLINOIS ACCOUNTANT PRIVILEGE TO OUT-OF-STATE ACCOUNTANTS

This Court need not reach the question of whether the Illinois accountant privilege, as defined by ch. 110½ sec. 51, applies to an out-of-state accountant being deposed out-of-state. The parties in their briefs disagree as to the meaning of various relevant sections of the Illinois statutes. This Court, in passing, would merely state that ch. 110½ sec. 33 requires that before a person performs the services of a public accountant pursuant to the Illinois statute he must be registered with the state of Illinois. It is thus questionable whether persons not

certified as public accountants by the State of Illinois are entitled to claim the privilege applicable to public accountants created by sec. 51.

 Thus it is the opinion of this court that the Illinois accountant privilege is not applicable in federal question cases.

Accordingly, it is hereby ordered that the Defendant's Motion to Quash the Subpoena Duces Tecum is denied.