**WESTERN EMPLOYERS INSURANCE COMPANY, a/k/a Leatherby Insurance Company, Petitioner,**

v.

**MERIT INSURANCE COMPANY, Cormick Breslin, James McAuley and Peat, Marwick, Mitchell & Company, Respondents.**

No. 79 C 3233.

United States District Court, N. D. Illinois, E. D.

Nov. 13, 1979.

Donald E. Casey, Springer & Casey, Chicago, Ill., for petitioner.

Robert A. Holstein, Fohrman, Lurie, Sklar & Cottle, Chicago, Ill., for Merit Ins. Co.

Edward Rothschild and Joseph Morris, Rothschild, Barry & Myers, Chicago, Ill., for other respondents.

### ORDER

BUA, District Judge.

This cause comes before the court on the petition of Leatherby Insurance Company, a/k/a Western Employers Insurance Company, to compel compliance with certain subpoenas duces tecum issued in arbitration proceedings now before an Arbitration Tribunal of the American Arbitration Association. 9 U.S.C. § 7. Also before the court are the individual motions of the respondents, Merit Insurance Company and certain employees of Peat, Marwick, Mitchell & Company, to dismiss said petition.

Underlying the petition at issue is a civil action that originally was part of an earlier suit filed in this district, *Merit Insurance Company v. Colao*, 75 C 899. On June 20, 1977 Judge Julius Hoffman ordered that trial of that action be stayed pending arbitration of the relevant issues, and further directed that arbitration proceedings be commenced immediately. The present arbitration proceedings were instituted pursuant to that Order. The defendant in the stayed civil action, Leatherby Insurance Company (Leatherby), now seeks to have this court order the respondents, Merit Insurance Company (Merit) and certain employees of Peat, Marwick, Mitchell & Company (Peat Marwick), to comply with two subpoenas duces tecum issued in connection with those proceedings.

■ In petitioning this court for the relief it seeks, Leatherby acted properly. The filing of a formal complaint was not required. 9 U.S.C. § 7. Merit and Peat Marwick, however, both take the position that, because it cannot readily be determined from the face of the petition that federal jurisdiction exists, this court cannot properly grant relief to Leatherby. The respondents' arguments in this regard are without

merit. Pursuant to 9 U.S.C. §§ 3, 4 and 7, whenever a federal court properly orders or directs that arbitration be commenced, it out of necessity retains authority to enforce related arbitration procedures such as subpoenas duces tecum. *See Local Lodge 1746, International Ass'n. of Machinists and Aerospace Workers, AFL–CIO v. Pratt & Whitney Division, United Aircraft Corp.*, 329 F.Supp. 283, 285 (D.Conn.1971). With respect to the instant petition, when Judge Hoffman directed that the underlying civil action go to arbitration, subject matter jurisdiction over the case existed. That being so, federal jurisdiction to hear the present matter also properly lies.

■ The respondents also argue that compliance with the subpoenas at issue is not required because, pursuant to Chapter 111, § 5533 of the Illinois Revised Statutes, the documents being sought are privileged. Leatherby, in response, contends that New Jersey law must be applied to the question of privilege.[1] The petitioner argues that New Jersey law should be followed because that state's laws are being applied in the arbitration proceedings. Under the present circumstances, however, the petitioner's action to compel compliance with the subpoenas at issue must be viewed as being one independent from the arbitration proceedings. *See Palmer v. Fisher*, 228 F.2d 603, 608 (7th Cir. 1956); *Mitsui & Co., Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 76 (D.P.R.1978). The law of the forum where the district court sits accordingly will govern as to any substantive questions presented. *Palmer v. Fisher, supra* at 608–09. Illinois law thus must be applied to the privilege question raised by Leatherby's petition.

■ Under Illinois law, public accountants cannot be compelled by any court to divulge information obtained while acting in their confidential capacity as accountants. Ill.Rev.Stat. ch. 111, § 5533. In that Peat Marwick is a public accounting firm, and the Peat Marwick employees named in

---

1. Leatherby also contends that Peat Marwick waived any claim of privilege it may have had under Illinois law. From what has been

presented in the parties' memoranda, however, it cannot properly be said that such is in fact true.

the subpoena at issue are public accountants employed by the company, the Illinois accountants' privilege is applicable in the present matter. This court accordingly cannot properly order Peat Marwick to produce the documents listed in the subpoena duces tecum directed at the accounting firm. In that such is so, Peat Marwick's motion to dismiss the instant petition as it relates to the firm is granted, and the subpoena duces tecum directed at Peat Marwick is ordered quashed.

The Illinois accountants' privilege, however, inures only to the accountant. It cannot be raised or claimed by the client. *United States v. Balistrieri*, 403 F.2d 472, 481 (7th Cir. 1968); *Dorfman v. Rombs*, 218 F.Supp. 905, 907 (N.D.Ill.1963); *Baylor v. Mading-Dugan Drug Co.*, 57 F.R.D. 509, 510 n. 2 (N.D.Ill.1972). The documents sought in the subpoena duces tecum directed at Merit, therefore, cannot properly be considered privileged. That being so, in that it has already been established that this court has jurisdiction to compel compliance with the subpoenas under discussion, Merit's motion to dismiss Leatherby's petition as it relates to the respondent insurance company is denied, and Merit is ordered to comply with the subpoena duces tecum directed at it.[2]

IT IS SO ORDERED.

---

2. To the extent that Merit may have in its possession those Peat Marwick working papers sought in ¶ 4 of the Rider to the subpoena duces tecum directed at the insurance company, compliance with ¶ 4 is ordered. Merit, however, is not ordered to obtain from Peat Marwick any such working papers not currently in its (Merit's) possession. In that the Illinois accountants' privilege is applicable in the present matter, the production of such working papers now in the sole possession of Peat Marwick can be had only if the accounting firm elects to voluntarily make said records available to the petitioner.