ORDER (Regarding Discovery)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant the defendants’ motion to compel discovery. The defendants served interrogatories upon several non-parties who subsequently declined to provide timely answers. The Court holds that the defendants must utilize a different discovery method when attempting to elicit information from non-parties.
PROCEDURAL HISTORY
On December 5, 2008, the defendants, by and through Legislative Counsel Huma Ahsan, served the Request for Interrogatories & Requests for Documents (hereinafter Discovery Request) upon several non-parties, Lisa J. Flick, Caralee Murphy, Jeriah J. Rave, and Anne M. Thundercloud. The defendants subsequently filed the Motion to Compelí [sic] Discovery from Jeriah Rave, Avne Thundercloud, Lisa Flick, & Caralee Murphy on Decern- *2 ber 18, 2008.[1] A Motion for Clarification was submitted on the same day by Ho-Chunk Nation Attorney General Sheila D. Corbine.[2] The defendants later re-filed a Motion to Compelí [sic] Discovery from Jeriah Rave, Anne Thundercloud, Lisa Flick, & Caralee Murphy (hereinafter Motion to Compel II) on December 30, 2008.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. I—Territory and Jurisdiction
Sec. 1. Territory. The territory of the Ho-Chunk Nation shall include all lands held by the Nation or the People, or by the United States for the benefit of the Nation or the People, and any additional lands acquired by the Nation or by the United States for the benefit of the Nation or the people, including but not limited to air, water, surface, subsurface, natural resources and any interest therein, notwithstanding the issuance of any patent or right-of-way in fee or otherwise, by the governments of the United States or the Ho-Chunk Nation, existing or in the future.
Sec. 2. Jurisdiction. The jurisdiction of the Ho-Chunk Nation shall extend to all territory set forth in Section 1 of this Article and to any and all persons or activities therein, based upon the inherent sovereign authority of the Nation and the People or upon Federal law.
Art. IV—General Council
Sec. 2. Delegation of Authority. The General Council hereby authorizes the legislative branch to make laws and appropriate funds in accordance with Article V. The General Council hereby authorizes the executive branch to enforce the laws and administer funds in accordance with Article VI. The General Council hereby authorizes the judicial branch to interpret and apply the laws and Constitution of the Nation in accordance with Article VII.
Art. VII—Judiciary
Sec. 4. Powers of the Judiciary. The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Sec. 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed *3 to be a waiver of the Nation’s sovereign immunity.
Sec. 7. Powers of the Supreme Court.
(b) The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
HO-CHUNK NATION JUDICIARY ESTABLISHMENT & ORGANIZATION ACT, 1 HCC § 1
Subsec. 4. Jurisdiction. The Ho-Chunk Judiciary shall exercise jurisdiction over all matters with the power and authority of the Ho-Chunk Nation including controversies arising out of the Constitution of the Ho-Chunk Nation; laws, statutes, ordinances, resolutions, and codes enacted by the Legislature; and such matters arising under enactments of the Legislature or the customs and traditions of the Ho-Chunk Nation. The jurisdiction extends over the Nation and its territory, persons who enter its territory, its members, and persons who interact with the Nation or its members wherever found.
Subsec. 7. Subpoenas. Any Judge of the Trial Court, and if authority is delegated by the Chief Trial Judge of the Clerk of Court, shall have authority to issue subpoenas to compel attendance of witnesses or the production of documents or things. The failure to comply with a subpoena shall subject the person not complying to the contempt power of the Court. A person present in court may be required by the Court to testify in the same manner as if a subpoena was issued.
CONTEMPT ORDINANCE, 2 HCC § 5
Subsec. 3. Declaration of Policy. The Ho-Chunk Nation, mindful that the Judiciary represents a fundamental aspect of Tribal sovereignty, recognizes that the Nation’s Courts retain the inherent authority to exercise the power of contempt. The contempt power established herein will preserve the dignity and decorum of the Judicial Branch, secure compliance with orders and procedures, and protect the due process rights of those appearing before the Courts.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Ch. 1—Introduction to the Rules
Rule 2. Liberal Construction.
These rules shall be liberally construed to secure a just and speedy determination of every action.
Ch. Ill—General Rules for Pleading
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Ch. V—Discovery
Introduction. Discovery is the process used among parties to uncover evidence relevant to the action, including identity of persons having knowledge of facts. Discovery may take place before an action has been filed and may be used lor the pur *4 pose of preserving testimony or other evidence which might otherwise be unavailable at the time of trial. Discovery may include written interrogatories, depositions, and requests for the production of documents and things. It is the policy of the Court to favor open discovery of relevant materia] as a way of fostering full knowledge of the facts relevant to a case by all parties. It is the intent of these rules that reasonably open discovery will encourage settlement, promote fairness and further justice.
Rule 32. Interrogatories.
A party may submit interrogatories (written questions) to other parties. The requesting party must receive the responding party’s written answers, under oath, within twenty-five (25) calendar days of receiving them. The responding party must include facts he/she knows, facts available to him/her, and give opinions, if requested.
Rule 33. Depositions.
A party may take a deposition (testimony, under oath and recorded) of a deponent (another party or witness) after giving at least five (5) calendar days notice of the time and place where the deposition will occur to all parties and the deponent. All parties may ask the deponent questions. Depositions may take place by telephone and be recorded stenographically, by tape recording or by other means if the parties agree or the Court so orders.
Rule 34. Requests for Documents and Things.
A party may request another party to produce any documents or things within his/her possession or control for the purpose of inspection and/or copying. This includes permission to enter onto land for testing. The responding party must make the documents or things available to the requesting party within twenty-five (25) calendar days of the date of receiving the request.
Rule 37. Non-Compliance.
If a party fails to appear or respond as requested under these rules, a party may request or the Court may sua sponte issue an Order requiring a response and imposing costs, attorney’s fees, and sanctions as justice requires in order to secure compliance.
Rule 38. Power to Compel.
The Court retains the inherent authority to compel disclosure of material it has cause to believe is relevant to the matter before it.
Ch. VI—Trials
Rule 42. Scheduling Conference.
Scheduling Order. The Court may enter a scheduling order on the Court’s own motion or on the motion of a party. The Scheduling Order may be modified by motion of a party upon showing of good cause or by leave of the Court.
Rule 44. Presence of Parties and Witnesses.
(A) Subpoenas. Subpoenas may be used to cause a witness to appear and give testimony. If a party wishes to have a subpoena issued by the Court, he/she shall furnish a properly prepared subpoena, including information necessary for service of process, at least ten (10) calendar days before trial. Service will be completed at least three (3) calendar days prior to hearing or trial. When service has been completed, the Court shall mail proof of service to all parties. When service of the subpoena will not be through the Court, the requesting shall present the properly prepared subpoena to the Court for signature in time to ensure proper service before the hearing or trial and shall return proof of service to the Court prior to the trial. If a party does not timely request a *5 subpoena, he/she shall not be entitled to a postponement because of absence of the witness. If the subpoena has been timely issued, the Court may, in its discretion, postpone the hearing or trial. A person who fails to appear after being subpoenaed may be held in contempt of court.
FINDINGS OF FACT
1. The plaintiff, Gerald L. Cleveland, Jr., is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A00335, and resides at S2833 Decorah Road, Baraboo, WI 53913. Am. Compl, CV 08-36 (Dec. 1, 2008) at 1.
2. The defendant, Elliot S. Garvin, is a duly elected legislative representative for District I. The defendant, Roberta M. De-corah, is a duly elected legislative representative for District II. The defendant, Douglas G. Greengrass, is a duly elected legislative representative for District III.
3. On December 5, 2008, the defendants served their Discovery Request upon four (4) non-parties to the instant suit. Lisa J. Flick, Caralee Murphy, Jeriah J. Rave, and Anne M. Thundercloud are enrolled members of the Ho-Chunk Nation with respective Tribal Identification Numbers 439A 005885, 439A 001817, 439A 006209, and 439A 002273. Each identified tribal employee allegedly participates on or in conjunction with the Ho-Chunk Nation Community Relations Committee, an Executive Branch sub-entity that independently considers charitable funding requests from available resources within the Department of Business. See Charitable Request Act, 4 HCC § 8.5a, d, 7d; see also LPER, 03:07:38 CST.
4. None of the identified tribal employees filed discovery responses on or before December 30, 2008. See HCN R. Civ. P. 32, 34.
5.The defendants proposed interpreting the term, “party,” to include “any person.” LPER, 03:20:27 CST (citing HCN R. Civ. P. 32, 34).
DECISION
The Court is directed to liberally construe the procedural rules “to secure a just and speedy determination of every action.” HCN R. Civ.P. 2. However, the Court cannot interpret wmrds or phrases in such a way as to wholly divorce them from the terminology deliberately selected by the Ho-Chunk Nation Supreme Court (hereinafter Supreme Court). See Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VII, § 7(b); see also Ho-Chunk Hous. Auth. v. Martha Martinez, CV 02-04 (HCN TV. Ct„ July 18, 2003) at 8. The Court has liberally interpreted the relevant rules in the past to ensure “open discovery of relevant material as a way of fostering full knowledge of the facts,” but the Court must insist upon employing different discovery techniques in this instance. HCN R. Civ. Ch. V, Intro.; see also Ronald K. Kirkwood v. Francis Decorah, in his official capacity as Dir. of HCN Hons. Dep’t, CV 04-33 (HCN TV. Ct., Oct. 18, 2004) at 5.
The defendants’ Discovery Request consists of interrogatories and requests for documents, which may only be served upon other parties. HCN R. Civ. P. 32, 34. The Federal Rules of Civil Procedure likewise restrict the usage of these discovery mechanisms. Fed.R.CivP. 33(a)(1), 34(a). A party to federal litigation may not serve interrogatories upon a non-party to a suit.[3] United States v. Lot *6 41, Berryhill Farm Estates, 128 F.3d 1386, 1897 (10th Cir.1997). Similarly, a party to federal litigation may not serve a request for documents upon a non-party. Hobley v. Burge, 433 F.3d 946, 952 (7th Cir.2006).
Alternatively, both tribal and federal rules do not impose party restrictions upon deposition practice. Campare HCN R. Civ. P. 33, with Fed.R.Civ.P. 30(a)(1). “A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary.” CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir.2002); see also Goodyear Tire & Rubber Co. v. Jamaica Truck Tire Serv. Co., 66 F.2d 91, 93 (7th Cir.1933). Regarding production of documents, courts may issue a subpoena duces tecum (Lat. “bring with you”) against a non-party, and this Court has previously employed this device. See, e.g., Joyce Warner v. Ho-Chunk Nation et al, CV 04-72 (HCN Tr. Ct., Mar. 3, 2002) (directing the Personnel Department Executive Director to produce employment documents); see also Hobley, 433 F.3d at 949.
Rule 44 instructs that “[sjubpoenas may be used to cause a witness to appear- and give testimony.” HCN R. Civ. P. 44. The earlier deposition rule offers a basic definition of the term “deposition,” i.e., “testimony, under oath and recorded.” Id., Rule 33. Consequently, a party can request that the Court issue a subpoena to force a recalcitrant non-party to offer deposition testimony.[4] In most instances, the Court would hope that non-parties comply with the initial party request.
While the text of Rule 44 seems to place a limiting construction on the Court’s subpoena power, the Court deems that it may issue subpoenas outside of a testimonial context. To begin, Rule 44, entitled “Presence of Parties and Witnesses,” appears within the Trial chapter and, therefore, logically focuses upon individual appearances. Yet, the scope of the judicial subpoena power clearly extends beyond this litigation phase as determined above and as acknowledged since the formation of the Judiciary.[5] The Ho-Chunk Nation Legislature has consistently observed that “[a]ny Judge of the Trial Court ... shall have the authority to issue subpoenas to compel attendance of witnesses or the production of documents or things.” Judiciary Act, § 1.7.
In doing so, the Legislature did not create, but rather recognized an inherent authority flowing from the constitutional delegation of the judicial power.[6] See Const.. Arts. IV, § 2, VI, § 4. “The inherent powers of ... courts are those which “are necessary to the exercise of all others.” ” Chloris Lowe, Jr. v. HCN Legislature Members Elliot Garvin et al., CV 00-104, 5 Am. Tribal Law 160, 172-74, 2004 WL 5588795, *13-14 (HCN Tr.Ct.2004) (quoting Roadway Express, Inc. v. Piper, *7 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (quoting United States v. Hudson, 7 Cranch 32, 11 U.S. 32, 34, 3 L.Ed. 259 (1812))); see also State v. Holmes, 106 Wis.2d 31, 315 N.W.2d 703, 709 (1982). More specifically,
“[t]he right to resort to means competent to compel the production of written, as well as oral, testimony seems essential to the very existence and constitution of a Court of common law, which receives and acts upon both descriptions of evidence, and could not possibly proceed with due effect without them.”
Wilson v. United States, 221 U.S. 361, 372, 31 S.Ct. 538, 55 L.Ed. 771 (1911) (quoting Amey v. Long, 103 Eng. Rep. 653, 658 (K.B.1808)) (tracing the origin of a subpoena duces tecum, ).[7]
In the instant case, the defendants would be well-advised to seek subpoenas from the Court for those deponents from whom they also wish to obtain documents. The defendants may effect service of process, and must abide by the timeframes within the relevant rule. HCN R. Civ. P. 44(A). As a result, the Court must deny the defendants’ Motion to Compel II. The Court expects that this decision clarifies the procedural requirements and that this case can now proceed to a timelier disposition.

. The Court declined to directly address the motion at the December 18, 2008 Status Hearing due to its apparent premature filing date. Status Hr'g (LPER, Dec. 18, 2008, 03:08:45 CSX) (citing -Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rules 32, 34) (requiring responses to discovery requests within a period of twenty-five (25) days after receipt).

. Procedural rules do not expressly permit non-parties to file motions. See, e.g., HCN R. Civ. P. 19(A). However, the Court did generally inquire about the reasons why the Ho-Chunk Nation Department of Justice abstained from providing the defendants legal representation, while acknowledging that a conflict of interest could serve to disqualify the department. LPER, 03:14:04 CST. Attorney General Corbine informed the Court of such a conflict within a December 23, 2008 correspondence.

. The Fourth Circuit Court of Appeals has simply characterized interrogatories served upon a non-party as "depositions upon written questions,” thereby not impeding a legitimate, albeit mislabeled, discovery attempt. Watson v. Lowcountry Red Cross, 974 F.2d *6 482, 484 n. 3 (4th Cir.1992) (citing Fed. R.CivP. 31). However, the HCN R. Civ. P. do not incorporate this discovery device.

. The Court unquestionably exercises personal jurisdiction over the identified deponents since each is a tribal member employee. See Const., Art. I, §§ 1-2; HCN Judiciary Establishment & Org. Act (hereinafter Judiciary Act), 1 HCC § 1.4

. The Judiciary formed with the passage of the Ho-Chunk Nation Judiciary Act of 1995 on March 22, 1995, and the subpoena provision within the establishment act precedes the adoption of the HCN R. Civ. P. on May 11, 1996. HCN Judiciary Act Of 1995, § 5, This provision remains unchanged within the current incarnation of the Judiciary Act, which was enacted on April 6, 2005.

.The Legislature, as well as the Supreme Court., has explicitly acknowledged the presence of inherent judicial powers. Contempt Ordinance, 2 HCC § 5.3; HCN R. Civ. P. 38.

. The Constitution confers authority upon the Court to award both legal and equitable remedies. Const., Art VII, § 5(a); see also generally Kirkwood v. Francis Decorah, CV 04-33, 6 Am. Tribal Law 188, ¡97-201, 2005 WL 6161103, *8-11 (HCN Tr. Ct.2005) (analyzing the historical distinction between actions at law and equity).